Durand *vs.* Grimes.

No. 99.—Samuel A. Durand, plaintiff in error, *vs.* Thomas W. Grimes, defendant in error.

[1.] It is too late, after the defendant has pleaded to the merits of the action, and the cause has been submitted upon the appeal, for the defendant to demur to the declaration, upon the ground that the plaintiff, who sues as a physician, has not alleged in his writ that he was licensed to practice medicine.

[2.] Plaintiff's books of account, containing the original entries, should be produced and proven in the usual way, unless the evidence shows that the services were actually rendered for which the action is brought.

[3.] It is no objection to a charge, that it does not go far enough, provided it states the law correctly as far as it goes.

Assumpsit, in Troup Superior Court.    Tried before Judge Bull, May Term, 1855.

This was an action of assumpsit brought by Dr. Thomas W. Grimes against Samuel A. Durand, on an open account for sixty-five dollars, for medical services and medicine rendered and furnished a slave of the defendant.

The defendant pleaded the general issue.

On the trial, Counsel for the defendant excepted to plaintiff's declaration, on the ground, that " it contained no allegation that the plaintiff was legally licensed to practice medicine at the time the services were rendered;" the only allegation to that point being, " that the defendant was indebted to plaintiff for services and medicines used and employed by said plaintiff, as a practising physician."

The Court over-ruled the exception, and Counsel for defendant excepted.

Plaintiff then offered in evidence the answers of several witnesses to interrogatories, in substance, " that they were acquainted with Dr. Grimes; had employed him for many years as a physician; and that he kept correct books of account," &c.    To the admission of which, Counsel for defendant objected, on the ground that the plaintiff must first show

that he is a licensed physician, or falls within some one of the exceptions made by the Statutes of Georgia. The Court over-ruled the objection, and Counsel for plaintiff excepted.

Plaintiff then offered to read the answers of Robert A. Ware, in substance, that he had compared the account sued on with the book of accounts of Dr. Ware, and found that they corresponded; that he was informed by Dr. Ware, himself, that the book with which he compared the items of account, was his medical account book."

Counsel for defendant objected to this testimony. The Court over-ruled the objection, and defendant excepted.

Plaintiff then offered in evidence the depositions of Dr. Boswell, who testified that the charges made in the account sued on, corresponded with the fee bill established by the physicians of Columbus.

Judge Hill sworn, testified that he was acquainted with one Thomas W. Grimes many years ago, while a student of medicine; if plaintiff is the same individual, he is a distinguished and able physician, and highly honorable man.

To the admission of which evidence defendant objected. The Court over-ruled the objection, and defendant excepted.

Plaintiff closed, and defendant moved the Court for a nonsuit, on the grounds—that the plaintiff had not shown that he was a licensed physician, nor that he had a diploma from any medical university, nor that he was within any of the exceptions made by the Statutes of Georgia in relation to the practice of medicine, and had failed to introduce his books of account or any original entries.

The Court over-ruled the motion, and defendant excepted.

The defendant then opened his case, and read the evidence of Mrs. Sarah King, who testified that the girl Irena, to whom the medical services was rendered, was, at the time of her sickness, in the possession of her late husband, in the Town of LaGrange, and was used as a house-girl by them; that Dr. Grimes called to see the girl at the request of witness. The girl was the property of defendant, and was left with Mr. King and witness, without any instructions about

calling a physician.   Witness did not call Dr. Grimes to the girl as the property of the defendant."

Plaintiff then introduced Robert J. Morgan, to prove that Mrs. King was the mother-in-law of the defendant at the time the account was made.   To which evidence defendant objected.   The Court over-ruled the objection, and defendant excepted.

Counsel for defendant asked the Court to charge the Jury, that it was necessary for the plaintiff to exhibit in evidence a license to practice medicine, or a diploma from some medical university, or bring himself within some of the exceptions made by the Statutes of Georgia, before he could recover.

Which charge the Court declined to give; the cause being on the appeal, and no plea being filed denying the right of the plaintiff to sue in the character of a practising physician, in which he did sue.

To which refusal to charge by the Court, defendant excepted; and upon these several exceptions errors have been assigned.

BIGHAM, for plaintiff in error.

B. H. HILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] One of the grounds of error assigned in this case is, that it is not averred in the declaration, neither was it proven, that the plaintiff was a licensed physician, and as such, authorized to sue for and recover his medical account.

By reference to the forms in *Chitty*, it will be found not to be necessary to make this allegation.

The plaintiff declared in his writ, as a physician; and the defendant, instead of demurring, pleaded to the merits of the action.   He is too late to take this exception on the trial term of the appeal.

[2.] It is objected, that the books of Dr. Grimes should

have been produced. And as a matter of practice, the defendant is right. But then, one of the witnesses, Mrs. King, proved the actual rendition of the services. And this is better than the books.

[3.] The Judge's charge is excepted to, because he did not instruct the Jury that they should find that King was insolvent, before Grimes could go against Durand. But this complaint proceeds upon the idea, that King was the hirer of the slave; the proof did not warrant this assumption. But suppose it did, Counsel should have called the attention of the Court to this point. The charge was right, so far as it went. It is no ground for a new trial that it did not go far enough.

We affirm the judgment of the Circuit Court over-ruling the objections to the testimony of Judge Hill and Major Morgan. And although there may have been some irregularity as to the mode of establishing the account, still, as there was no motion made for a new trial, and we are entirely satisfied with the finding, we shall decline to disturb the judgment.