8211. PURITY EXTRACT & TONIC Co. *v.* HOLMES-HARTSFIELD Co.

BLOODWORTH, J. 1. Suit was brought by Purity Extract & Tonic Company against Holmes-Hartsfield Company on an unitemized account. Defendant filed a plea to which plaintiff orally demurred on the ground that it set up no valid defense and was insufficient in law. The plea alleged that plaintiff contracted to sell defendant an article called "special," and that plaintiff knew that the same was being bought for resale "outside of Moultrie and in Colquitt county," and represented and guaranteed that the sale of said "special" was not prohibited by the laws of Georgia, and the same was not a substitute for "near beer" or a substitute for beer, ale, and malt liquor, whereas said "special" was in truth and in fact a "near beer" and was manufactured and intended as a substitute for beer, ale, and malt liquor, the sale of which at the time of said contract was prohibited in said city of Moultrie and

- said county of Colquitt, which facts plaintiff knew and defendant did not know. The demurrer was properly overruled. *Bush* v. *Hessig Ellis Drug Co.*, 10 *Ga. App.* 589 (3) (73 S. E. 1097).

2. It is never reversible error for a judge to refuse to direct a verdict. *Stewart* v. *Attaway*, 18 *Ga. App.* 158 (88 S. E. 992).

3. "It is not error requiring a new trial to fail to charge upon the subject of the burden of proof, when there is no written request for such an instruction." *Whittle* v. *Central of Ga. Ry. Co.*, 11 *Ga. App.* 257 (74 S. E. 1100); *Matthews* v. *Richards*, 19 *Ga. App.* 489 (91 S. E. 914), and cases cited.

4. The charge of the court, when considered in its entirety, embraced the general principles of law applicable to the facts in this case; and the excerpts therefrom upon which error is assigned are not erroneous for any reasons set forth in the assignments- of error. If any instruction amplifying the general principles which the charge contained had been desired, it should have been requested in writing, as is provided in the Civil Code of 1910, § 6084.

5. There was no error in the portion of the charge complained of in the 7th ground of the motion for a new trial. *Watkins* v. *Nugen*, 118 *Ga.* 372 (2), 373 (45 S. E. 262).

6. The 4th ground of the motion for a new trial is but an amplification of the general grounds, there was evidence to support the verdict, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*

DECIDED MAY 11, 1917.

Complaint; from Colquitt superior court—Judge Thomas. July 17, 1916.

*McKenzie & Dowling*, for plaintiff in error.

*T. H. Parker*, contra.