## CHARLES SCHAEFFER & SON v. STONE COMPANY.

### (Filed 24 October, 1917.)

**1. Appeal and Error—Objections and Exceptions—Evidence—Vendor and Purchaser.**

In an action to recover for goods sold and delivered, a question asked a witness, if the custom for delivery and collection between the parties was not a certain arrangement, with objection, and then without objection, witness answered question and stated the custom, is not held erroneous.

**2. Appeal and Error—Objections and Exceptions—Evidence—Vendor and Purchaser—Harmless Error.**

A statement by purchaser, as a witness, that he did not owe the vendor, is competent; but if otherwise, it would be harmless if the witness had theretofore made the statement, without objection.

**3. Evidence—Contradiction—Trials.**

Where the vendor, as a witness, has denied that he had made certain statements to the purchaser, the material to the controversy, it is competent for the purchaser to introduce in evidence certain envelopes, with endorsements thereon, for the purpose of contradiction.

**4. Appeal and Error — Objections and Exceptions — Contentions — Instructions—Case.**

Objection that the judge's statement of a party's contention was not sufficiently full should be made at the time, with specific request to have them so; and exceptions to the charge upon matters of law may be taken for the first time in appellant's statement of the case for service on the appellee.

APPEAL by defendant from *Connor, J.,* at December Term, 1916, of NEW HANOVER.

This is an action to recover $1,269.35, alleged to be due by account for goods sold and delivered.

The defendant denied that it was indebted to the plaintiff.

There was a verdict and judgment for the defendant, and the plaintiff excepted and appealed.

*McClammy & Burgwin for plaintiff.*
*Robert Ruark for defendant.*

PER CURIAM. The first exception is to allowing the following question:

Q. Was the custom of dealing between you and Schaeffer & Son that goods were to be delivered upon your order, and then the same day, or the second day, they would come and collect for those goods?

The question was not answered, but was changed in form, so the witness could state the custom of dealing between the plaintiff and the defendant, which he did, fully, to which no exception was taken.

The second exception is to permitting the witness, Stone, who was president of the defendant company and had active charge and management of its business during the time it was dealing with the plaintiff, to say that the defendant company did not owe the plaintiff anything.

It was competent for the witness to make this statement, as he knew. the facts; but if the evidence was incompetent, it would be harmless, because the same witness had stated, without objection, "My company is not indebted to Schaeffer & Son for one cent."

The fourth and fifth exceptions are to allowing the defendant to introduce certain envelopes, with the endorsements thereon, which were properly admitted for the purposes to which the evidence was restricted, which was, that certain statements had not been mailed out by the plaintiffs.

The seventh exception is to a question asked a witness, to which he answered: "I am not in position to answer that question."

There is also an exception to a statement of the contentions of the parties by his Honor; but upon examination of the charge we find nothing prejudicial to the plaintiff, and it does not appear that he requested a fuller statement or that he made any objection at the time the charge was given.

A party is not required to except to the charge upon matters of law until he serves his statement of case on appeal, but if a contention is improperly stated it is his duty to call the matter to the attention of the judge at the time.

The other exceptions are formal, except those that are not considered in the brief.

The case resolved itself into a question of fact, which has been determined by the jury.

No error.