28703. MALLEABLE IRON RANGE COMPANY *v.* CAFFEY.

498

DECIDED MARCH 15, 1941.

*Dillon & Rose,* for plaintiff.   *N. T. Anderson Jr.,* for defendant.

MACINTYRE, J.   This is a suit by the Malleable Iron Range Company seeking to recover $350.81 as the alleged balance due on a note in the principal sum of $1221.38.   The plaintiff further claims ten per cent. attorney's fees.   The jury returned a verdict in favor of the plaintiff for one dollar and costs.   A motion for new trial was overruled, and the plaintiff excepted.   It is contended that the verdict was not authorized by the evidence, and that the testimony of the defendant himself definitely established that he owed at least the sum of $62.71.   It appears from the brief of evidence that the plaintiff introduced the note in evidence, and admitted that sufficient payment had been made to reduce it to $195.29 besides interest.   It appears from the testimony of the defendant that "We had gotten down to the point where, from a $6000 debt I owed them $62.71 by their own admission.   .   .   $62.71 was the actual balance that existed at the time I made the check for that amount." However, the defendant further testified:   "I do not owe them anything under those notes at the present time.   .   .   It [the note sued on] was overpaid by other checks."   Various checks were introduced, some of which had been canceled and some that had never been presented, and conflicting statements were made as to whether the entire balance due had been paid.   In *Southern Life Insurance Co.* v. *White,* 60 *Ga. App.* 414, 423 (3 S. E. 2d, 849), this court said:   "When the evidence presents a tangled web of uncertainty as to what is the real fact relative to a material issue in the case, under our law and legal procedure we know of nothing to do about it except to let the jury untangle the facts, and if, in so untangling

them, their findings are supported by any evidence, it is our prescribed duty to accept and leave undisturbed such findings of fact." In the instant case the evidence unquestionably presents a tangled web of uncertainty as to whether or not the note had been paid, and what amount was due, if any. We can not go into the question of how or why the jury arrived at their verdict, but can only determine whether the verdict rendered was supported by any evidence. The verdict was supported by the evidence, and we can not interfere.

Special grounds 2, 3, and 5 of the motion for new trial are but elaborations of the general grounds, and have been covered by our ruling thereon. Ground 4 complains that the judge erred in allowing certain canceled checks to be introduced in evidence by the defendant, over objection by counsel for plaintiff as follows: "I object to the introduction of any paid checks whatsoever, as this defendant has filed his answer stating he had no records whatsoever. I don't think, under his pleadings, such evidence is admissible." If the plaintiff calls in question the sufficiency of the answer by demurrer, as he has a right to do, and the court renders an erroneous decision holding that the answer sets up a valid defense, when in truth it does not, and the plaintiff acquiesces in this decision, of course no one will contend that, after the time allowed by law has expired for bringing under review this erroneous decision, the plaintiff can be heard to say that the answer sets forth no valid defense. *Brooks* v. *Rawlings,* 138 *Ga.* 310, 313 (75 S. E. 157). It was held by the Supreme Court in *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (4) (77 S. E. 623): "Where no valid assignment of error was made upon the overruling of a general demurrer to the petition, the admission of evidence tending to prove the allegations of the petition, and otherwise competent, was not error, where the ground of objection to the evidence was in effect the same as that of the overruled demurrer." Here the answer set forth that the note sued on in this case had been entirely paid by the defendant, and by amendment set forth that the "Defendant did not keep any books or records giving the times, manner, places, or amounts of payments by him upon said note sued upon in this case, and therefore can not set out such specific information. Defendant kept notations of balances due throughout the time he was paying off said note; but such a length of time passed between the payment of said note and the

claim thereafter made by plaintiff herein that there was a balance due, that the said notations of defendant were either thrown away by defendant in ordinary course of business, as pertaining to matters long closed out, or have over said length of time become lost; and plaintiff is unable to find any such notations." The plaintiff filed a demurrer and moved to strike the part of the answer which referred to payment, because "the same is indefinite and uncertain, and is a conclusion of the pleader [defendant] ; the same is not a good plea of payment under the law, it not being shown when and how payment was made." The demurrer was overruled, and no exception to this ruling was taken within the time prescribed by law. Under the rule above stated, the plea of payment was good, and the admission of the evidence (the canceled checks) tending to prove the matter set forth in the answer (to wit, payment) was not error. The answer alleged that the note had been paid, and the checks were admissible under his pleading for the purpose of showing how much, if not all, of the note had been paid. This ground is not meritorious.

Ground 6 complains that the court erred in refusing to exclude the following evidence. Q. "Mr. Caffee, do you owe them anything under those notes at the present time?" A. "I do not; no sir." Mr. Dillon (counsel for plaintiff) : "I think that is a conclusion. I move to rule it out." In Charles Schaeffer & Son v. Stone Co., 174 N. C. 781 (93 S. E. 931), in an action on account for goods sold and delivered, it was held that it was competent to permit the president of the defendant company, who had had actual charge and management of its business, to testify that the company did not owe plaintiff anything; but that if the evidence was incompetent it would be harmless, because the same witness had testified to the same effect without objection. In the instant case we think it was competent for the defendant to testify that he did not owe the plaintiff anything on the notes at the present time; and even if the evidence was incompetent, it would be harmless because the defendant testified elsewhere, without objection, that the note sued on "was overpaid by other checks."

Grounds 7, 8, and 9 complain that the judge should have made certain additional charges with respect to the burden of proof. A thorough reading of the charge reveals that the judge charged the jury generally upon the subject of the burden of proof; and if an

additional instruction was desired, an appropriate written request should have been made. These grounds are not meritorious.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*