30176.   CITY OF CAMILLA *v.* MAY.

137

DECIDED SEPTEMBER 25, 1943.  REHEARING DENIED NOVEMBER 20, 1943.

*Frank S. Twitty,* for plaintiff in error.

*Robert B. Short, Robert B. Culpepper Jr.,* contra.

SUTTON, J.  Mrs. O. H. May sued the City of Camilla for damages for personal injuries alleged to have been sustained by her on account of the negligence of the defendant.  The petition as amended alleged substantially as follows:  That on the evening of November 2, 1940, while walking on the sidewalk along Broad Street in the City of Camilla, she stepped in a hole in the sidewalk which was approximately "12 inches wide, long and deep," and located about two feet from the outer edge of the sidewalk in front of the Willo store; that the hole was near a light and was shaded by the light post, and at the time she was injured the sidewalk was in a crowded condition; that without any negligence whatever on her part, and while the hole in the sidewalk was concealed from her by reason of the fact it was in the shadow of the light post, and while the street was in a congested condition, she stepped in the hole which caused her to fall to the sidewalk and to receive certain described injuries, which will be later referred to; that the hole had existed in the sidewalk for approximately one to three years; that the defendant knew the hole was in the sidewalk; that if it did not know of its existence, it could and should have, by the exercise of ordinary care and diligence, known of its existence; that the defendant maintained the sidewalk in a negligent manner by allowing it to become so deteriorated that a hole would be in the sidewalk which created a hazard to which the general public was subjected; that the sidewalk should have been maintained in a state of repair safe for the public use; and that her injuries were caused by the negligence of the defendant without any negligence on her part.  A copy of her claim for damages filed with the city

was attached to the petition. The petition sought to recover damages in the sum of $10,000. The defendant filed general and special demurrers to the petition, which were overruled, and exceptions pendente lite were filed to that judgment. The defendant denied liability, and alleged that if the plaintiff was injured it was through her own negligence. The jury returned a verdict for the plaintiff for $800. The defendant made a motion for a new trial which was overruled; and the exception here is to that judgment, and the judgment overruling the demurrer.

The special grounds of the demurrer are not insisted upon; and it is only necessary to determine whether the petition set out a cause of action good as against the general demurrer. The petition alleged that the plaintiff was injured by stepping in a hole "12 inches wide, long and deep" in the sidewalk, and that the defendant knew of this hole, or in the exercise of ordinary care, should have known of it, as it had existed in the sidewalk for a sufficient length of time to charge the defendant with notice, that is, from one to three years. The general rule of law is that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes by night as well as by day; and if it fails to do so, it is liable in damages for injuries sustained in consequence thereof. And where a city knows or ought to know of a defect in time to repair or give warning of it, it is liable for injuries sustained because of the defect, regardless of its-cause. The city will be liable, no matter by what cause the sidewalk may have become defective and unsafe, where it knew or should have known of the defect in time to repair it. And what would be "in time" is ordinarily a question for the jury under the facts. If a city has notice of a dangerous defect in a sidewalk, it is its duty to exercise ordinary care in remedying the same or in placing a safeguard about it. If such defect has existed for such length of time as by reasonable diligence in the performance of their duties the defect ought to have been known by the proper municipal authorities, notice will be presumed, and proof of actual knowledge will not be necessary to render the city liable for injuries occasioned thereby. *City of Rome* v. *Brinkley, 54 Ga. App.* 391 (187 S. E. 911), and cit. "It is a jury question as to what length of time a defect in a street must exist to charge a municipality with knowledge of negligence." *City of Rome* v. *Brooks, 7*

*Ga. App.* 244 (66 S. E. 627). "Questions as to diligence and negligence, including contributory negligence and what constitutes the proximate cause of an injury complained of, are peculiarly questions for the jury, and this court will not solve them on general demurrer unless they appear palpably clear." *Mason* v. *Frankel,* 49 *Ga. App.* 145 (174 S. E. 546). Under the allegations of the petition, it can not be said as a matter of law, that the injury complained of was the result of negligence of the plaintiff, or that she failed to exercise ordinary care under the circumstances; and the judge did not err in overruling the general demurrer. *City of Rome* v. *Hanson,* 57 *Ga. App.* 222 (194 S. E. 887).

■ In special ground 1 of the motion for new trial it is contended that the court erred in charging the jury: "The term 'ordinary care' will be used by the court several times in the court's charge to you, and in connection therewith, I charge you this: What is the precise legal intent of the term 'ordinary care' must, in the nature of things depend upon the circumstances of each case. It is a relative and not an absolute term. The degree of care and foresight which it is necessary to use in any given case must always be in proportion to the probability or improbability, nature and magnitude of the injury to be anticipated and guarded against;" because (a) the charge was erroneous and not sound as an abstract principle of law, because the court failed to instruct the jury that the degree of care necessary was that required to be exercised by an ordinarily prudent person under the same or similar circumstances; (b, c) that the charge was misleading and confusing to the jury, because it left them without any guide as to who should exercise ordinary care; (d) because the court failed to instruct the jury as to the Code, § 105-201; (e) because of the failure to instruct the jury as to whether or not the plaintiff used that care and prudence which a discreet and cautious individual would or ought to use if the whole risk and loss were to be his own exclusively. (a) The charge was not error for any reason assigned. It stated correct principles of law. *Central Railroad Co.* v. *Ryles,* 84 *Ga.* 420 (11 S. E. 499) ; *Brown* v. *Mayor and Council of Athens,* 47 *Ga. App.* 820 (171 S. E. 731). So far as it went it was legal and proper, and if the defendant desired more specific instructions in this connection, a timely written request therefor should have been made. *Southern Railway Co.* v. *Atlantic Ice & Coal Co.,* 40

*Ga. App.* 103 (2) (149 S. E. 71). "It is no objection to a charge that it does not go far enough, provided it states the law correctly as far as it goes." *Durand* v. *Grimes,* 18 *Ga.* 693. (b, c) The charge was not misleading and confusing to the jury by leaving them without any guide as to who should exercise ordinary care, for the court immediately following the above charge instructed the jury: "It is the duty of a municipal corporation to have its streets in a reasonably safe condition for use by the public. It is also the duty of persons using the streets to exercise ordinary care to avoid being hurt by the condition of the streets, even if the streets are not in a reasonably safe condition for use. So that the duty upon both the parties to this case is to exercise ordinary care—the duty upon the city to exercise ordinary care to see that its streets were in a reasonably safe condition for use; and the duty upon the plaintiff to exercise ordinary care so as not to be injured, even if the street was not in a reasonably safe condition." (d) The charge was not error because the court failed to instruct the jury as to the Code, § 105-201, which defines ordinary diligence, for the reason that this court has held numerous times that a failure to define ordinary care and diligence, in the absence of a written request, does not require the grant of a new trial. "In the absence of a written request for the court to define to the jury the meaning of the words 'ordinary and reasonable care and diligence' there was no error in the omission to do so. It is doubtful if any specific definition would enlighten the jury or make any clearer the plain meaning of these simple words." *Atlantic & Birmingham Railway Co.* v. *Smith,* 2 *Ga. App.* 294 (2) (58 S. E. 542); *Western Union Telegraph Co.* v. *Ford,* 10 *Ga. App.* 606 (5) (74 S. E. 70); *Georgia Railroad and Banking Co.* v. *Farmer,* 45 *Ga. App.* 130 (2) (164 S. E. 71). "A correct instruction to the jury is not subject to exception for failure, in the absence of an appropriate request, to embody an additional definitive or explanatory charge." *Sherrer* v. *Holliday,* 165 *Ga.* 413 (2) (141 S. E. 67). (e) There was no error in failing to instruct the jury in connection with the charge complained of as to whether or not the plaintiff used "that care and prudence which a discreet and cautious individual would or ought to use if the whole risk and loss were to be his own exclusively." The court did not err in giving the charge complained of for any reason assigned.

■ In ground 2 it is contended that the court erred in failing to instruct the jury, without a request, as follows: "Where by negligence one is injured, he is bound to lessen the damages as far as is practical by the use of ordinary care and diligence. Whether the plaintiff in this case used ordinary care to lessen her damages is a question for you gentlemen of the jury to decide, taking into consideration all of the facts and circumstances of the case". No error is shown by this ground of the motion. "Refusal to charge the jury, without request, as to the plaintiff's duty to lessen his damage was not error." *Pittman Construction Co.* v. *Ellis,* 39 *Ga. App.* 490 (147 S. E. 420). This issue was not raised by the pleadings, and in the absence of an appropriate request, it must be made both by the pleadings and the evidence, in order for it to be reversible error for the court to fail to charge the jury as to the plaintiff's duty to lessen his damage. *Smoky Mountain Stages Inc.* v. *Wright,* 62 *Ga. App.* 121, 123 (8 S. E. 2d, 453), and cit.

■ In the absence of a written request, special ground 3, in which it is contended that the court erred in failing to charge: "If you believe that a preponderance of the evidence fails to show that the defendant was more negligent in the matter which caused the injuries to the plaintiff, Mrs. O. H. May, than was the plaintiff, Mrs. O. H. May, then you should find for the defendant city," shows no error. The court charged generally upon the burden of proof, and if an additional instruction was desired, an appropriate written request should have been made. *Malleable Iron Range Co.* v. *Caffey,* 64 *Ga. App.* 497, 501 (13 S. E. 2d, 722); *Purity Extract & Tonic Co.* v. *Holmes-Hartsfield Co.,* 20 *Ga. App.* 105 (4) (92 S. E. 548). *Huckabee* v. *Grace,* 48 *Ga. App.* 621 (6) (173 S. E. 744), cited by the plaintiff in error in support of this ground of the motion, is without application here, as a written request was duly made in that case.

■ In ground 4 it is contended that the verdict of $800 is so grossly excessive under the evidence as to conclusively suggest bias and prejudice on the part of the jury in favor of the plaintiff. The evidence of the plaintiff was to the effect that her wrist was broken, her back and head were injured, and that her back had continued to hurt since her injury; that her nerves were affected, and she had suffered and continued to suffer since her injury; that before

her injury she had worked in tobacco and sewed, but had not been able to work since she was injured though she had tried to. The doctor who treated her testified that he examined her immediately after her injury and found her right wrist was broken; that she had abrasions on both knees, and he treated her for six weeks or two months and discharged her. "The only measure of damages for pain and suffering is the enlightened conscience of an impartial jury, and it is only in extreme cases that the reviewing court will hold, as a matter of law, that the amount of compensation fixed by the jury for personal injuries is excessive." *Southern Bell Telephone Co.* v. *Shamos,* 12 *Ga. App.* 463, 468 (77 S. E. 312). Under the evidence of this case, it can not be said as a matter of law that the verdict is so large as to demand the inference that it was induced by prejudice, bias, or mistake on the part of the jury. The judge did not err in overruling this ground of the motion. See *Napier* v. *Pool,* 39 *Ga. App.* 187 (5) (146 S. E. 783), and cit.

■ In ground 5 the contention is that the court erred in charging the jury: "It is impossible to produce evidence to a jury as to the amount of money that would be necessary to compensate a person for an injury he received, either in body or mind, and the law therefore says that the amount that the plaintiff would be entitled to recover from pain and suffering must be left to the enlightened consciences of an impartial jury—such an amount as would, under the circumstances of the case, be, in the minds and consciences of an enlightened, intelligent, and impartial jury, a sum which the plaintiff should recover as compensation, and which would be properly charged to the defendant;" because (a) it did not limit the jury's consideration of the plaintiff's pain and suffering from the date of the injury to the date of the trial, but left it in the discretion of the jury to find damages for future pain and suffering; (b) the court failed to instruct the jury that they should determine whether the injuries complained of were permanent or temporary in arriving at a verdict for pain and suffering; (c) it allowed the jury to find in favor of the plaintiff on account of loss of earnings, when the suit was filed in the name of Mrs. O. H. May, and there was no testimony going to establish any consent by the husband for her to retain her earnings as her separate estate; (d) and because that part of the charge, to wit, "a sum which the plain-

tiff should recover as compensation," was an intimation and expression of an opinion by the court that the plaintiff should recover damages. (a) The plaintiff's petition set out that she was permanently disabled by reason of her injuries. Upon the trial, more than 23 months after the infliction of the injuries sued for, the plaintiff testified that she still continued to suffer from her injuries. Under these facts the jury could consider any future pain and suffering that the plaintiff might suffer on account of said injuries, although the petition contained no specific claim for future pain and suffering. *City of LaFayette* v. *Gilbert,* 30 *Ga. App.* 248 (2) (120 S. E. 55). (b) Nor did the court err in the absence of a timely request in failing to instruct the jury that they should determine whether the injuries complained of were temporary or permanent. The court in his charge instructed the jury: "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury is small, or the mitigating circumstances be strong, nominal damages only are given. And what is meant by nominal damages is just some small sum sufficient to carry the costs in the case. General damages are such as the law presumes to flow from any wrongful act which the law denominates a tort, and may be recovered without proof of amount. Special damages are such as actually flow from the act, and must be proved in order to be recovered. The plaintiff does not claim any special damages in this case. She sues to recover general damages, which the jury must determine for themselves, after considering all the facts and circumstances of the case." This charge was sufficient. There is no merit in the contention that the charge was error because it allowed the jury to find in favor of the plaintiff on account of loss of earnings, when the suit was filed in the name of Mrs. O. H. May, and there was no testimony going to establish any consent by the husband for her to retain her earnings as her separate estate. There is no allegation in the pleadings that the plaintiff is a married woman, nor any proof that she has a husband. The prefix "Mrs." is not a name but a mere title, and not being used exclusively by married women, raises no presumption in law that the person using it is married at the time. It includes widows and divorcees as well as married women. It indicates that the party using it is a woman who has

been married, but leaves it doubtful whether she is married at the time or not. See *Wrightsville & Tennille Railroad Co.* v. *Vaughn,* 9 *Ga. App.* 371 (1, a) (71 S. E. 691). The charge was not erroneous on the ground that it was an intimation and expression of an opinion by the court that the plaintiff should recover damages. *American Fidelity & Casualty Co.* v. *McWilliams,* 55 *Ga. App.* 658, 663 (191 S. E. 191). The charge complained of was not error for any reason assigned.

■ The evidence was sufficient to show that the plaintiff was injured from a fall which was caused by her stepping in a hole in the sidewalk on Broad Street in the City of Camilla; that the injury occurred after dark and that the hole into which she stepped was obscured from her view by the shadow of a light post and the crowded condition of the sidewalk at the time; that the hole in the sidewalk had existed for a sufficient length of time to charge the defendant with notice of its existence; and that she did not see the hole before stepping in it. It was a question for the jury to determine whether the city was negligent in allowing the sidewalk to remain in the alleged defective condition, and whether this negligence was the proximate cause of the plaintiff's injuries, or whether the plaintiff's injuries were due to a want of ordinary care on her part. The jury resolved the issues in favor of the plaintiff. The verdict is supported by the evidence; and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*