37229, 37261. GORDY TIRE COMPANY *v.* BULMAN;
and *vice versa.*

DECIDED OCTOBER 22, 1958—REHEARING DENIED
NOVEMBER 6, 1958.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for
plaintiff in error.

*A. Cecil Palmour,* contra.

NICHOLS, Judge. 1. The evidence on the second trial of the
case made out a prima facie case for the plaintiff, and unlike the
first trial the plaintiff's ledger sheets were admitted in evidence
by the trial court "as business records."

The defendant testified with reference to certain canceled
checks and receipts connected with the case, that he may have

misplaced some of the canceled checks and receipts, but that he denied owing the plaintiff anything on the account sued on.

Under the decision of this court in *Malleable Iron Range Co. v. Caffey,* 64 *Ga. App.* 497 (13 S. E. 2d 722), had the defendant merely testified, without more, that he didn't owe the plaintiff anything, such testimony would have been admissible and competent, but where as here the defendant testified with reference to certain payments and testified further to the effect that he may have made other payments (by stating that he may have misplaced other checks and receipts), his testimony that he was not indebted to the plaintiff is shown to be a conclusion not supported by the facts to which he testified. Conclusions of witnesses are of no probative value unless the facts on which the opinions are based sustain the opinions rendered. *Herrington & Co. v. Shumate Razor Co.,* 6 *Ga. App.* 861, 864 (65 S. E. 1064).

While many times witnesses may state as facts that which are really conclusions on their part, in the absence of evidence to show that such statements are conclusions they must be taken as a statement of fact (see *Malleable Iron Range Co. v. Caffey,* 64 *Ga. App.* 497, supra), but where the other testimony shows the "opinions" stated to be merely conclusions not supported by the facts to which the witnesses testified the conclusions are without any probative value and cannot support a verdict. The evidence in the case sub judice demanded a verdict for the plaintiff and the trial court erred in denying its motion for a judgment notwithstanding the mistrial.

2. The evidence on the second trial was not the same as that introduced on the first and the assignment of error in the cross-bill of exceptions complaining that the trial court should have dismissed the plaintiff's motion for a judgment notwithstanding the mistrial is without merit.

*Judgment reversed in Case No. 37229 with direction that a judgment for the plaintiff be entered in accordance with its motion for a judgment notwithstanding the mistrial. Judgment affirmed in Case No. 37261. Felton, C. J., and Quillian, J., concur.*