38545.   RUBEN v. CITY OF ROME.

DECIDED NOVEMBER 17, 1960.

*Hamilton & Anderson, George Anderson, Gary Hamilton,* for plaintiff in error.

*Horace T. Clary, Chastine Parker, Solicitor-General,* contra.

FRANKUM, Judge. The petition for certiorari sets forth numerous grounds of objection made to the admission of evidence at the hearing before the city commissioners, and, also, the defendant, by his petition, contends that the judgment is contrary to law, contrary to the evidence, against the weight of the evidence, and without evidence to support it.

Testimony was adduced before the city commissioners that two detectives appeared at the defendant's place of business on January 8, 1960, with a young girl who admitted she had stolen a typewriter identified as being in the possession of the defendant. The defendant refused to surrender the property without a possessory warrant or some legal proceeding. Between January 8 and January 15, the detectives demanded a list of items taken in pawn or purchased by the defendant, as required by the municipal ordinance. Between the above dates the wife of the defendant took to the police station several cards containing information which she claimed to be in compliance with the ordinance.

While one of the detectives was testifying, a question was put to him asking about his knowledge of whether a list had been turned in to the police department showing a typewriter had been purchased by the defendant. An objection was interposed that such evidence would be a conclusion of the witness, and further, that the ordinance does not require any such action on the part of the defendant. The answer of the witness that such a list had not been turned in was admitted in evidence.

We deem it only necessary to discuss the admission of the detective's testimony summarized above. The court does not deem it necessary to pass upon the question of whether, as a matter of law, the evidence demanded a finding that the defendant was not the owner of the business, and, as the defendant insists, was not a "pawnbroker" within the classification of persons regulated by the municipal ordinance, because the evidence may be vastly different upon another trial than that presented in this record.

There was insufficient evidence to authorize the conviction. A careful perusal of the record shows that the testimony of the detective was a mere conclusion not shown to be based upon facts within his own knowledge—hence, no foundation was laid upon which to make the conclusion admissible. *Gordy Tire Co. v. Bulman,* 98 Ga. App. 563 (106 S. E. 2d 332); *Jones v. State,* 75 Ga. App. 610 (44 S. E. 2d 174). There was no competent evidence to show the detective had actual knowledge of whether such lists had been delivered to the chief of police. The ordinance does not prescribe a method by which such lists shall be furnished, but only that such lists shall be furnished to the chief of police. It is important to note that the chief of police did not testify.

As stated in *Howell v. Howell,* 59 Ga. 145, 146: "The mere statement of a conclusion of a witness, which must have been founded upon facts, without giving those facts, is inadmissible, though the witness may state absolute knowledge of the conclusion."

Though the evidence is sufficient to create a suspicion of guilt, a suspicion of guilt does not authorize a conviction of crime. Therefore, the superior court erred in overruling the petition for certiorari.

*Judgment reversed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*