27927. LEDFORD *v.* THE STATE.

DECIDED MARCH 9, 1940.

W. E. & W. G. *Mann,* for plaintiff in error.

J. H. P̧aschall, *solicitor-general,* W. B. Robinson, contra.

Broyles, C. J. ■ The defendant was indicted, for the offense of forgery, under the Code, § 26-3914. The indictment was not subject to any ground of the demurrer interposed, and the court properly so held.

■ A ground of the motion for new trial assigns as error the following excerpt from the charge of the court: "If upon consideration of the evidence in this case you find there is a conflict between the witnesses, or a conflict between the witness or witnesses and the defendant's statement, it is your duty to reconcile this conflict, if you can, without imputing perjury to any witness, and without imputing a false statement to the accused. If you can not do that, it then becomes your duty to believe that witness or those witnesses you may think best entitled to belief; and you may consider their interest or want of. interest in the result of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with the facts they testify about, and the personal credibility of the witnesses so far as the same may legitimately appear upon the trial of the case. But the jury, as stated, are at last the sole and exclusive judges of what witnesses they will believe or disbelieve, and what testimony they will credit or discredit." On the trial the defendant made a statement to the jury which, if believed by them, would have resulted in his acquittal. The foregoing charge of the court was error, in that it may have confused and misled the jury into believing that if there were an irreconcilable conflict between the testimony of the witnesses for the State and the defendant's statement to the jury, it was their duty to believe the testimony and to reject the statement.

■ The remaining assignments of error show no cause for a reversal of the judgment. The general grounds of the motion for new trial are not passed on.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*