## 32385. DORSEY *v.* THE STATE.

GARDNER, J. (*a*) Since the case is to be reversed upon a special ground, we will not discuss the general grounds, except to the effect that the court did not err in charging the principles of law applicable to a conspiracy.

(*b*) Special ground 1 of the amended motion is to the same effect and shows no reason for reversal.

(*c*) Special ground 2 complains of the following charge of the court: "If, upon a consideration of the evidence in the case, you find there is a conflict between a witness or witnesses and the defendant's statement, if any, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness and without imputing a false statement to the defendant. If you can not do that, it then becomes your duty to believe that witness or those witnesses you think best entitled to belief, and you may consider their interest or want of interest in the result of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with the facts they testify about; and the personal credibility of the witnesses so far as the same legitimately appears on the trial of the case." This charge was erroneous and harmful to the defendant and requires a reversal. This court in *Ledford* v. *State,* 62 *Ga. App.* 48 (7 S. E. 2d, 786), reversed the trial court for giving an almost identical charge. The court had this to say: "A ground of the motion for new trial assigns as error the following excerpt from the charge of the court: 'If upon consideration of the evidence in this case you find there is a conflict between the witnesses, or a conflict between the witness or witnesses and the defendant's statement, it is your duty to reconcile this conflict, if you can, without imputing perjury to any witness, and without imputing a false statement to the accused. If you can not do that, it then becomes your duty to believe that witness or those wit-

nesses you may think best entitled to belief; and you may consider their interest or want of interest in the result of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with the facts they testify about, and the personal credibility of the witnesses so far as the same may legitimately appear upon the trial of the case. But the jury, as stated, are at last the sole and exclusive judges of what witnesses they will believe or disbelieve, and what testimony they will credit or discredit.' On the trial the defendant made a statement to the jury which, if believed by them, would have resulted in his acquittal. The foregoing charge of the court was error, in that it may have confused and misled the jury into believing that, if there were an irreconcilable conflict between the testimony of the witnesses for the State and the defendant's statement to the jury, it was their duty to believe the testimony and to reject the statement."

(d) Special ground 3 assigns error on an excerpt from the charge, to the effect that the court explained the authority of the Prison Commission to fix certain rules and regulations whereby a convict shall have the right to serve the remainder up to the maximum without the confines of the penitentiary. This ground is without merit.

(e) Special ground 4 assigns error on an excerpt from the charge, to the effect that the presumption of innocence was in favor of the defendant and that presumption remains with him throughout the trial and avails him at every stage of the trial until the State, by the introduction of testimony, has convinced the jury of the guilt of the defendant to a moral and reasonable certainty and beyond a reasonable doubt, and that if the State had so introduced testimony the presumption would be removed, otherwise the presumption of innocence still clothed him. We see no error in this ground. It seems to be without merit.

The court did not err in overruling the motion for a new trial except as set forth in division (c) of this opinion.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED MARCH 18, 1949.

*Kimsey & Kimsey*, for plaintiff in error.
*John E. Frankum, Solicitor-General, Jeff C. Wayne*, contra.