### DAVIS *vs.* THE STATE OF GEORGIA.

Where a burglary has been committed, and a short time thereafter some of the property which was in the house broken open before and at the time of the burglary, is found in the possession of the accused, if the possession of the property is not accounted for, this affords a presumption of.guilt.

(*a.*) There was no error in the charge, and the verdict was sustained by the evidence.

November 17, 1885.

Criminal Law.  Burglary.  Before Judge WILLIS.  Muscogee Superior Court.  November Adjourned Term, 1884.

Reported in the decision.

J. G. Moore; Hatcher & Peabody, for plaintiff in error.

Thos. W. Grimes, solicitor general, by W. A. Little; J. M. McNeill, for the state.

Blandford, Justice.

The plaintiff in error was indicted, tried and found guilty of the crime of burglary.

The evidence in the case fully warrants the verdict of the jury. Certain exceptions are taken to the charge of the court, and specific assignments are made thereon. But a careful examination of the charge of the court fails to show any foundation for the exceptions. The charge is correct, as we understand the law. The whole charge and the part excepted to is free from any exception. The whole of it is, as we understand it, that where a burglary has been committed, and a short time thereafter some of the property, which was in the house before and at the time of the burglary, is found in the possession of the accused, in such a case, if the possession of the property is not accounted for, this affords a presumption of guilt. This has been the law time out of mind. The decisions of the English courts, from whom we derived our law, and of all the courts in this country, fully establish this principle. Besides, the confessions of the accused show that she was guilty.

Judgment affirmed.