GRIFFIN *v.* THE STATE.

| 86 | 257 |
|-----|-----|
| 120 | 508 |

1. Grounds for new trial complaining of the admission of testimony must state the objection which was made when the testimony was offered, in order to be considered by this court.
2. The accused being a coal-heaver on a steamship at the time of the alleged larceny of certain goods therefrom, and goods of this character having been found in his possession and shown to have been taken from a box before the same left the vessel, testimony as to a confession by him of larcenies of goods from the steamship company at various times was not open to the objection that such confession was too general for proof of the special offence charged.

v 86-17

3. Complaint of the admission of testimony as to a confession be-
   cause it was induced by promises of the person to whom it was
   made, should show what the confession was, that this court may
   judge of its materiality.
4. For the court to charge that if the larceny was committed at a
   certain time and place and the goods stolen were afterwards found
   in the possession of the accused, such facts would "raise the pre-
   sumption under the law of the prisoner's guilt, and it is incum-
   bent on the prisoner, the goods stolen having been found in his
   possession, to explain that possession to the satisfaction of the
   jury," or that if the goods were found in his possession and such
   possession is left unexplained, "the law raises the presumption
   from that possession that he committed the larceny," is error, but
   does not require a new trial where the verdict is demanded by the
   evidence.
5. A charge of the court excepted to must all be erroneous, where
   it states independent propositions, to avail the plaintiff in error.
6. Requests to charge which are fully covered by the general charge
   as given, may be denied.

   December 1, 1890.

Larceny. Criminal law. Practice. Evidence. Con-
fessions. Charge of court. Before Judge FALLIGANT.
Chatham superior court. June term, 1890.

Reported in the decision.

GEORGE W. OWENS, by J. R. SAUSSY, for plaintiff in
error.

W. W. FRASER, solicitor-general, by E. S. ELLIOTT,
contra.

BLANDFORD, Justice.

The plaintiff in error was indicted and found guilty
of larceny, in that he was charged with taking and
carrying away from a vessel belonging to the Ocean
Steamship Company, while in the port of Savannah,
certain personal property. He moved for a new trial
which was overruled by the court, and he excepted.

The first assignment of error in the motion for a new
trial is, because the court allowed McDermot to testify
as to an alleged confession made by defendant of lar-
cenies committed at various times from the Ocean
Steamship Company. It is manifest that in this ground

of the motion for a new trial no ground of objection is stated as to the admission of this evidence.

The second ground of the motion is, because Mc-Dermot was allowed to testify as to an alleged confession made by defendant to Ganey in the presence of McDermot. It is not stated in this ground, however, that objection to this evidence was made in the court below.

It is alleged in the bill of exceptions that the court committed error in allowing McDermot, a witness for the State, to testify as to an alleged confession made by the defendant of larcenies of goods committed at various times from the Ocean Steamship Company, admitting said confession in evidence over objection of defendant's counsel, the objection being that general confessions of general offences are not admissible in evidence and should not be allowed to prove, or tend to prove, a special offence. The bill of exceptions does not clearly show, however, that the grounds of the objection were urged at the time and before the court admitted this evidence ; nor is the same shown in the motion for a new trial. But admitting that the objections were properly made and urged at the time and before the admission of this evidence; we see no error in admitting the same, because it is shown by the record that the particular larceny for which the accused was indicted consisted of the taking of certain goods from the steamship " City of Augusta," and that goods of the character found in defendant's possession were upon this vessel at the time the larceny is alleged to have been committed. And it is further shown by the evidence that the accused was a coal-heaver upon the vessel at that time; that goods of the kind stolen were on the vessel at the time; that subsequently a box of such goods transported upon this steamship was received by Mohr Bros., the consignees, and upon being opened, it

was discovered that goods similar to those admitted by the confession of the accused to have been stolen by him were missing from this box.    It was further shown, by the drayman who hauled the goods from the wharf to Mohr Bros., that the box was not opened while in his possession; and it was also shown that when the box was taken from the vessel and placed upon the wharf, there was a watchman placed over the same, and no one could have taken the goods without being seen, and no one did take them while there.    So we think the court did right to admit this evidence.

It is furthermore alleged as error that the court allowed the witness McDermot to testify to an alleged confession made by the defendant to one Ganey, in the presence of the witness, over defendant's objection. What the objection urged at the time was, is not shown in the motion for new trial ; but it is alleged in the bill of exceptions that the error was, because said confession was induced by promises made by said Ganey to the defendant.    The record does not show what these confessions were which the court admitted in evidence— whether they were material or immaterial.    It is simply alleged in the bill of exceptions that it was error because the confessions were induced by promises made by Ganey to the defendant; so we decline to pass upon the question made in this assignment of error, as we cannot determine from the record whether the accused was hurt thereby.

In the eighth ground it is complained that the court erred in charging the jury that if they found that the crime of larceny was committed on the vessel on that day, and the goods taken therefrom were afterwards found in the possession of the prisoner, such facts would "raise the presumption under the law of the prisoner's guilt, and it is incumbent on the prisoner, the goods stolen having been found in his possession, to explain that possession to the satisfaction

of the jury." We are not well satisfied with this charge. If it was the meaning of the court to state to the jury that when the crime of larceny had been proved and the goods stolen were found shortly thereafter in the possession of the prisoner, the law would then authorize the jury to presume the prisoner guilty, such charge would not be error. But we think this court laid down the correct doctrine, as applicable to cases of this sort, in the case of *Falvey* v. *State*, 85 *Ga.* 157, wherein it was held that, where stolen goods are found in the possession of a defendant charged with burglary, shortly after the commission of the offence, such fact would authorize the jury to infer that the accused was guilty unless he explained the possession to their satisfaction. In the case of *Hill* v. *State*, 63 *Ga.* 578, this question was discussed by BLECKLEY, J., to some extent, and it was there said: "There is a wide difference between resting the result of a trial upon facts which legally *constitute* the offence charged, and making it turn upon other facts which are merely *evidence* of the constituent facts." Where the facts proved *constitute* the offence charged in the indictment, then it would be proper for the court to instruct the jury that if they believed such facts, they should convict the defendant. See *Parker* v. *State*, 34 *Ga.* 262; *Tucker* v. *State*, 57 *Ib.* 503. The presumption in such a case is not one of law, but of fact. 1 Whar. Cr. L. §729; 3 Greenlf. Ev. §31; Hall *v.* State, 8 Ind. 439; State *v.* Hodge, 50 N. H. 510; Stover *v.* People, 56 N. Y. 315; Graves *v.* State, 12 Wis. 591; Crilley *v.* State, 20 *Ib.* 231. We think the case of *Hill* v. *State*, *supra*, fully sustains the view we have stated, and is the law of this State upon the subject.

The ninth ground excepts to a certain charge given by the court. A portion of the charge excepted to is correct law, while part of the same is not sound. This

court has frequently held, however, that a charge of a court excepted to must be all of it erroneous, where it states independent propositions, in order to avail the party making the exception anything. We find that the court in this charge instructed the jury that if the goods were found in the defendant's possession, and such possession was left unexplained, "the law raises the presumption from that possession that he committed the larceny." We think the latter part of this charge is clearly error under the former rulings of this court; and if this were a close case upon the facts, we would unhesitatingly reverse the judgment and remand the case for further trial. But we are satisfied, from looking into the evidence in this case, that the verdict of the jury was demanded by the proof submitted.

We find no error in the other charges of the court excepted to, nor do we think it was error for the judge to refuse to give in charge the requests asked by counsel for the accused, inasmuch as we find, in looking at the entire charge of the court, that the requests of the plaintiff in error were fully covered by the general charge to the jury.        *Judgment affirmed.*