## 23469. COOK v. THE STATE.

Decided April 6, 1934.

*I. H. Corbitt,* for plaintiff in error.

*H. C. Morgan, solicitor-general, W. M. Story,* contra.

MacIntyre, J. The indictment in this case charges that on December 11, 1932, in Berrien county, Georgia, Horace Cook, Johnnie Ball, and Moses Field burglarized the storehouse of Miller Hardware & Furniture Company. Horace Cook was convicted of the offense charged, and his exception is to the judgment overruling his motion for a new trial.

The State introduced evidence sufficient to show that the alleged burglary was committed, and that the defendant, Horace Cook, was in the recent possession of some of the property taken from the storehouse when it was burglarized. It being the exclusive province of the jury to pass upon the credibility of the witnesses, the weight of the evidence, the defendant's attempted explanation of his innocent possession of the stolen property, and the effect of such possession, we are constrained to overrule the general grounds of the motion for a new trial. "Recent possession, not satisfactorily explained, of goods stolen from the house at the time the alleged burglary was committed, may be sufficient as a basis of conviction of burglary, where the burglary has been established and the jury believe from all the evidence beyond a reasonable doubt that the accused is the guilty party." *Mangham* v. *State,* 87 *Ga.* 549 (13 S. E. 558).

Special ground 1 of the motion for a new trial avers that the court erred in refusing to "strike from the record" the testimony of the witness Miller that Miller Hardware & Furniture Company

was a corporation, on the ground that the charter was the highest and best evidence of that fact. It appears from this ground that the testimony in question had been admitted without objection; that the defendant had the opening and concluding argument to the jury; and that the motion to rule out the testimony was made after both sides had closed, and after one of defendant's counsel had concluded his argument to the jury. Under these circumstances, we hold that the court did not err in refusing to rule out the testimony in question.

Special ground 2 complains of the following excerpt from the charge of the court: "I charge you in this connection that the recent possession of goods under such circumstances would raise the presumption of guilt of the defendant, and unless such recent possession be satisfactorily explained, the burden being on the defendant to make such explanation, would authorize you to identify the defendant as the guilty party and convict him." It is urged that this charge is erroneous, (a) "because recent possession of stolen goods is not of itself sufficient to authorize a conviction," and (b) "because recent possession of stolen goods, of and within itself, does not place the burden upon the defendant to make a satisfactory explanation of such possession." After having fully defined the offense of burglary, the court instructed the jury as follows: "I charge you further that if you find, in considering the evidence and the defendant's statement in this case, that the property, or any part of it, alleged and proven to have been taken from the storehouse referred to in the indictment was found recently thereafter in the possession of the defendant, you may consider that circumstance and give to it such weight as you see proper on the question as whether it establishes beyond a reasonable doubt that he was the person who broke and entered the house, if you find that the house was broken and entered." It is so evident, from the wording of the charge excepted to, that it is a part of the foregoing charge, which immediately precedes it, that we are bound to consider the two together; and when this is done, no argument is necessary to show that the charge complained of is not subject to the assignments of error stated. In connection with this ground, it may not be amiss to state that in *Lewis* v. *State,* 120 *Ga.* 508 (48 S. E. 227), the court held the following charge did require the grant of a new trial: "Where a burglary has been committed, and money,

goods, or other property which was in the house at the time of the burglary is soon thereafter found in the possession of a person who is unable to account for his possession; it raises a presumption of his guilt, and the jury would be authorized to find a verdict of guilty." Some confusion has arisen, even among the lawyers, from the use by the court of the expression, "the law raises a presumption from recent possession that" the defendant "committed the offense," which is held erroneous (*Griffin* v. *State*, 86 *Ga.* 257 (12 S. E. 409)), and the expression, which seems to be used in contradistinction to the other, "such recent possession raises a presumption of his guilt," which has been held not erroneous. *Holliday* v. *State*, 23 *Ga. App.* 400 (98 S. E. 386). We think it more likely that jurors will be confused by this latter expression than those skilled in the law. Where a judge charges that the defendant enters upon the trial of the case with a presumption of innocence in his favor, and then, later on, charges that recent possession raises a presumption of the defendant's guilt, this, while not erroneous under some of the decisions, it seems to us might be confusing to the jury. We therefore think it would be clearer to the jury if the judge avoided the word *presumption* in this latter connection and used some such expression as "the law permits the jury to infer guilt from the fact of recent possession unaccounted for," thus bringing out the idea that such possession authorizes a verdict of guilty but does not require it. *Lewis* v. *State, Holliday* v. *State,* supra, and cit.; *Morris* v. *State,* 47 *Ga. App.* 792 (171 S. E. 555). We realize that the distinction drawn by our courts is that one is a presumption of law and the other a presumption of fact. However, the difference between a presumption of law and a presumption of fact is so marked and important that it is unfortunate they do not have two more distinctive names. As to objection (*b*) in ground 2, we hold that it is not meritorious, "inasmuch as the person having the possession best knows how his possession did in fact originate, and has the best means of accounting for it," and "it is reasonable and proper that the burden of so doing should rest upon him." *Cornwall* v. *State,* 91 *Ga.* 277, 282 (18 S. E. 154); *Jones* v. *State,* 105 *Ga.* 649, 650 (31 S. E. 574).

The last special ground is based upon the alleged newly discovered evidence of two witnesses. The indictment avers that the burglary was committed on December 11, 1932, in Nashville, Ber-

rien county, Georgia, and K. M. Miller testified that the store was burglarized "on or about December 11 or 12, on Saturday night," and that he "learned Sunday morning between midnight and day that the store had been broken open." Counsel for the defendant state in their brief that the defendant "was incarcerated in jail in Nashville . . more than one hundred miles from his home," and that "he was not near enough to confer with his relatives and friends, and, in all probability, did not know of such evidence until after he was tried." The witness, Tom Frazier, testified that he saw the defendant, "two or three days" before he heard of the burglary, in a Chevrolet automobile near the scene of the crime. P. H. Goodwin, the first witness relied upon to furnish newly discovered evidence, testified that on December 16, 1932, he saw the defendant in Lyons, Toombs county, Georgia, in a Chevrolet automobile owned by defendant's mother, Mary Cook. The other witness, A. W. Thurmond, deposed that during December, 1932, the defendant lived in his mother's home near Lyons, Georgia; that "between the dates of December 12 and December 20, 1932," the defendant was working at his mother's home near Lyons; that deponent sold gasoline to the defendant at his station near Lyons on the following dates: December 12, 14, 16, 17, 18, 20, 23, and 26 of the year 1932; that the automobile that the defendant was using was a "1930 model Chevrolet coach," and belonged to defendant's mother; and that deponent saw the defendant in Lyons on the following dates: December 9, 12, 15, 16, 17, 18, 20, 23, and 26, of the year 1932.

It may have been the intention of the defendant to impeach the testimony of the State's witness Tom Frazier and to establish an alibi. Frazier's testimony is so indefinite that it is not probable that it had much influence upon the jury's finding; impeaching testimony is not favored as "newly discovered evidence;" and it can not be fairly said that his testimony was refuted by either of the two witnesses whose evidence was sought. Neither is it at all probable that the jury would conclude, from the testimony set out in the affidavits of the deponents, that it was impossible for the defendant to have been at the place where the burglary was committed. It is also highly improbable that the defendant did not know of the evidence relied upon to work a new trial. The defendant introduced no evidence, but made a statement to the jury, admitting

that he was in the recent possession of the "gun" taken from the burglarized store, and denying that he was ever in Berrien county. In their supporting affidavits counsel for the defendant merely deposed that they did not know of the evidence before or at the time of the trial, and that by the exercise of ordinary diligence they "could not have ascertained that the witnesses would have so testified at the trial of the . . defendant." In considering a very similar affidavit in the case of *Taylor* v. *State,* 132 *Ga.* 235, 237 (63 S. E. 1116), the Supreme Court said: "This was a mere opinion on their part, and gave no facts by which the court could judge of whether they had used due diligence or not, and whether the evidence could have been discovered before by such use." In the case of *Young* v. *State,* 56 *Ga.* 403 (4), 405, Judge Bleckley, speaking for the court, said that "unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered." This ruling is based upon the early decision in *Berry* v. *State,* 10 *Ga.* 511 (14). Both of these cases were cited with approval in *Lakes* v. *Lakes,* 171 *Ga.* 692, 695 (156 S. E. 620). Headnote 2 of the *Lakes* case is as follows: "A motion for a new trial upon the ground of newly discovered testimony is addressed to the sound discretion of the court, and his judgment overruling the motion as to that ground will not be disturbed unless manifestly abused." From the facts stated it appears altogether improbable that the alleged newly discovered evidence would produce a different result upon another trial of the case, and the trial judge did not err in overruling this ground based upon newly discovered evidence.

In conclusion, we hold that for no reason assigned did the trial judge commit reversible error in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*