26436. MAXEY *v.* THE STATE.

</div>

<div align="center">

DECIDED SEPTEMBER 11, 1937.

</div>

*Miles W. Lewis,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

GUERRY, J. 1. The defendant was convicted of larceny. The evidence authorized a finding that the property stolen (a set of governors for a steam-engine) was taken from the premises of the prosecutor sometime after October 10, 1935. They were found at the defendant's sawmill about November 12, 1935. When questioned by the officers, he stated that he had purchased the governors from one Wells about a year or year and a half before, which was long before they were stolen. The jury rejected his statement at the trial, and found him guilty; and their verdict has the approval of the trial judge. We are of the opinion that the evidence is sufficient to support the verdict.

2. Testimony that the witness gave the authorities certain serial numbers as being the numbers on the governors claimed to have been stolen was not objectionable as hearsay.

3. Nor was the testimony that the witness had been given certain serial numbers of the governors claimed to have been stolen objectionable as hearsay.

4. The judge charged the jury that "simple larceny is defined to be the wrongful and fraudulent taking of any personal property belonging to another, of some value, with intent to steal the same." Error is assigned on the ground that this charge omitted the element of "carrying away" the personal property with intent to steal the same. Even if this was error, it could not, under the evidence, have been harmful to the defendant.

5. The following charge was not erroneous for any reason assigned. "If property has been recently stolen and recently identified, if it is found in the possession of another person, and the person in whose possession it is found fails to give a satisfactory explanation of such possession, or if the evidence in the case fails to give a satisfactory explanation of such possession, why then upon proof of those facts, and the jury is satisfied by the evidence in the case beyond a reasonable doubt of the defendant's guilt, why then you would be authorized to convict him; otherwise, you would not be authorized to convict him." See *Cook* v. *State,* 49 *Ga. App.* 86 (174 S. E. 195). The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*