27954. BARBER *v.* THE STATE.

DECIDED JANUARY 12, 1940.

*Eldon Haldane,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *J. W. LeCraw, Quincy O. Arnold,* contra.

MacIntyre, J.   The defendant was charged with felony (breaking into an automobile).   He was convicted, and excepted to the overruling of his motion for new trial.

1.   The judge charged the jury: "Gentlemen, the law permits the defendant to make in his own behalf just such statement as he sees fit.   He is not under oath, and not subject to examination. You will give to his statement such weight and credit *only* as you think it is entitled to receive.   You may believe it in whole or in part.   You may believe it in preference to the sworn testimony in the case."   (Italics ours.)   The objection is to the use of the word "only."   Counsel for the plaintiff in error argues that it would be erroneous for the court to charge that the jury should give a witness's sworn testimony such weight "only" as the jury saw fit to give it, and that by parity of reasoning the charge quoted, relative to the defendant's statement, was reversible error.   By reason of the Code, § 38-415, the rule with reference to the weight to be given the defendant's statement is different from the rule with reference to the weight to be given the testimony of a witness or witnesses.   This section provides as follows: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense.   It shall not be under oath, and shall have such force *only* as the jury may think right to give it.   They may believe it in preference to the sworn testimony in the case.   The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer."   (Italics ours.)   Relative to the defendant's statement, this court, in *Dunahoo* v. *State,* 46 *Ga. App.* 310, 312 (167 S. E. 614), quoted approvingly from earlier decisions of this court and the Supreme Court, as follows: "'It has been repeatedly held by this court that it would be better, in charging on the defendant's statement, to follow the statute [Code, § 38-415], and there leave the matter.' *Morgan* v. *State,* 119 *Ga.* 566 (46 S. E. 836).   'It is the better practice for trial judges, in charging upon the defendant's statement, to confine themselves to the statute just as it reads.   It can not be improved upon, so long as it remains of force.' *Bales* v. *State,* 18 *Ga. App.* 718 (2), 724 (90 S. E. 481).
.   .   In *Harrison* v. *State,* 83 *Ga.* 129, 136 (9 S. E. 542), Chief Justice Bleckley, speaking for the court, said: 'But why should the presiding judge be more specific than the statute itself, or go be-

yond its terms? There is no obscurity or ambiguity in the statute. The legislature has made the matter as clear as can the judiciary. Why should not the legislature be left to address the jury in its own language?'" The charge here excepted to in effect followed the Code, § 38-415, and was not reversible error for the reason assigned. See *Howell* v. *State,* 124 *Ga.* 698 (8) (52 S. E. 649).

2. The following portion of the charge was not reversible error for any reason assigned: "And the recent possession of goods under such circumstances would raise *a presumption of guilt of the defendant;* and unless such recent possession be satisfactorily explained, the burden being on the defendant to make such satisfactory explanation, you would be authorized to identify the defendant as the guilty party and to convict him. Of all of this, however, the jury will be the judge." (Italics ours.) The writer, speaking for himself, feels it is his duty to reiterate what he said in *Blocker* v. *State,* 57 *Ga. App.* 330, 331 (195 S. E. 451) : "Such a charge is likely to confuse the jury, for they are likely to construe it as conveying the idea that the law raises a presumption of guilt from the recent possession, that the defendant committed the offense of simple larceny. 'The law raises no presumption; it simply permits the jury to infer guilt from the fact of recent possession, unaccounted for.' *Lewis* v. *State,* 120 *Ga.* 508 (48 S. E. 227). 'Where a judge charges that the defendant enters. upon the trial of the case with a presumption of innocence in his favor, and then, later on, charges that recent possession raises a presumption of the defendant's guilt, this, while not erroneous under some of the decisions, it seems to us might be confusing to the jury. We therefore think it would be clearer to the jury if the judge avoided the word *presumption* in this latter connection and used some such expression as "the law permits the jury to infer guilt from the fact of recent possession unaccounted for," thus bringing out the idea that such possession authorizes a verdict of guilty but does not require it.' *Cook* v. *State,* supra. I think this form of charge in the instant case is unfortunate and is likely to unwittingly do the defendant an injustice." To paraphrase the language used in *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695, 699 (50 S. E. 974), it is sometimes said that the recent possession of stolen goods warrants a *presumption of guilt;* but the presumption is not one of law but of fact. It is, however, more correct and less confusing to refer to

it as an *inference rather than a presumption;* and not an inference which the law draws from a fact but an inference which the jury are authorized to draw; and not an inference which the jury are compelled to draw.

3. There is no merit in any of the other special grounds. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*