## 31216. BROWN *v.* THE STATE.

Decided May 11, 1946. Rehearing denied July 23, 1946.

*D. M. Brown, Williams & Smith, Price & Spivey,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, I. W. Rountree,* contra.

GARDNER, J. ■ As to the general grounds, the evidence, while conflicting, is amply sufficient to sustain the verdict.

■ Special ground 1 assigns error because the court failed to charge, without a written request, the law of circumstantial evidence. Counsel for the defendant contends that the evidence is wholly circumstantial, and therefore it was reversible error to fail to charge such law. With this position of able counsel we can not agree. The evidence, which we have set out in detail, shows that the possession of the property was in no wise circumstantial, particularly as to the red steer. The defendant admitted the possession and based his defense solely upon a bona fide claim of right. The evidence for the State showed recent possession on the part

of the defendant after the alleged theft, and the defendant admitted the possession a few days after the cattle were missed. It is true that he claimed to have purchased the steer about eight months prior thereto, but this leads back to the same proposition of his claim of good faith in the transaction. Counsel for the defendant rely on *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574). Under the facts of the instant case, that decision does not require a reversal as to this ground. See also *Carter* v. *State,* 57 *Ga. App.* 180 (194 S. E. 842).

■ Special ground 5 assigns error on the following excerpt from the charge of the court: "Gentlemen, I charge you that, if you find that a larceny alleged in the indictment was committed by someone, and that very soon thereafter the cattle, or any one of them, was found in the recent possession of the defendant, such possession, if not satisfactorily explained, consistent with the innocence of the defendant, raises a presumption of guilt and would authorize you to convict the defendant. This presumption of guilt, gentlemen, however, is one of evidence and not of law, and may be rebutted by proof satisfactory to the jury." Error is assigned on this charge, because (a) it involved the law applicable to receiving stolen property, an offense distinct from the one charged in the indictment; (b) had a tendency to lead the jury to believe that they were trying the defendant for two separate offenses; (c) it was confusing and misleading to the jury, in that they could believe beyond a reasonable doubt that the defendant was not guilty of cattle stealing, but would still be guilty of receiving stolen goods; (d) such charge instructed the jury that the possession of the alleged stolen cattle would raise a presumption of guilt as to cattle stealing when as a matter of law and fact, such possession, if any, could raise a presumption, if any, of the offense of being in possession of stolen goods; (e) such charge placed on the defendant a degree of proof greater than that required by law and deprived him of the law as to the presumption of innocence; (f) failed to instruct the trial jury that they must believe the defendant guilty beyond a reasonable doubt before he could be convicted.

If we interpret the assignments of error correctly, they are without merit. Able counsel in their brief do not argue the specific assignments of error as outlined in this ground. They contend

that the judge erred in using the phrase, "presumption of guilt" resulting from the proof of recent possession of stolen property. Nevertheless, we will discuss this ground from the viewpoint of counsel's argument. It will be noted that in the latter part of the excerpt the judge stated that it was a presumption of fact and not of law. This court stated in *Barber* v. *State,* 61 *Ga. App.* 578 (4) (6 S. E. 2d, 797): "It is sometimes said that the recent possession of stolen goods warrants *a presumption of guilt;* but the presumption is not one of law but of fact. It is, however, more correct and less confusing to refer to it as an *inference rather than a presumption;* and not an inference which the law draws from a fact, but an inference which the jury are authorized to draw; and not an inference which the jury are compelled to draw." In support of his contentions, the defendant cites *Jones* v. *State,* supra, and *Gravitt* v. *State,* 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63). We have read those cases carefully and find no principle held therein that would require a reversal of the instant case under its facts. The proof of recent possession of stolen property makes out a prima facie case and shifts the burden of procedure to the defendant. To relieve himself of the burden thus cast upon him, he must, by facts, explain to the satisfaction of the jury that his possession was not a guilty one. In taking up the burden thus cast upon him, the presumption of innocence still shields and protects him. It is to be expected under the law that he will successfully carry it. The courts, both trial and appellate, have not been uniform in the choice of terms or phraseology to express such a situation. In the situation which prevails in a trial when the State has established by proof the defendant's possession of recently stolen property, it is not so material whether we call it (a) "a prima facie case," or (b) evidence "tending to show guilt" of the accused, as counsel for the defendant contends, or (c) "presumption of guilt," or (d) "an inference of guilt," or (e) by some other term or phrase. But it is material and generally reversible error for the trial court not to make clear and plain to the jury that it raises an issue of evidence and not a question of law. If it were of law, the jury in the performance of its duty would be required to convict, but being an issue of fact, they are only authorized to convict, in the event such possession is not explained

to the satisfaction of the jury, the jury being the sole and exclusive judges as to this.

■ Special ground 6 complains because the court admitted, over objection of the defendant, the testimony of Robert Lee Smith, a State's witness: "Mr. Math Boatright had lost a yearling and his son, R. J., asked me to look out for him, and it filled the description so easy I kept a record of it." Error is assigned on the ground that this was confusing and prejudicial and created the impression that the defendant had stolen property other than that described in the indictment. By reference to the evidence set forth above, we find that the witness Smith was the employee at the stockyards, and when the defendant brought this load of cattle there, the witness made a descriptive memorandum of all the cattle in the truck. The evidence reveals that the employee of the stock-yards did not know, at that time, that the prosecutor had lost any cattle, and the testimony objected to was given by the witness who was then testifying as to why he made the memorandum. The record does not go into any detail as to whether the cow mentioned was the one which Mr. Boatright had lost, or for the theft of which the defendant had been tried, or anything of the kind. We think that the evidence was admissible for the purpose of explaining why the witness made the memorandum. Counsel for the defend-ant cite *Lanier* v. *State,* 187 *Ga.* 535 (1 S. E. 2d, 405). We do not think that this case is applicable to the present facts.

■ Special ground 7 complains because the court admitted, over objection of the defendant, a photograph which showed the red steer described in the indictment and its mother. We can conceive of no harm which could have come to the defendant from the ad-mission of this testimony. This ground is not meritorious.

■ Special ground 8 complains because, as alleged, the witness Smith was permitted to testify from a memorandum which he did not make. There was no objection to this form of testimony and the ground so shows. While the evidence on whether or not the witness had his original or had a copy from the record is not al-together clear, he does in one portion of his testimony state, how-ever, that he made the memorandum from which he was refreshing his memory as to the description and the marks of the cattle. Be this as it may, since he was allowed to testify by referring to the

memorandum to refresh his memory without objection, this affords no reason why the case should be reversed on this ground.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*