### 32909. SELLERS *v.* THE STATE.

GARDNER, J. (a) The defendant was convicted of burglary. His amended motion for a new trial was overruled. He assigns error here on that judgment.

Special ground 1 complains of the following charge of the court: "Gentlemen of the jury in this case if you find in considering the evidence and the defendant's statements that the property, or any part of it, alleged to have been taken from the house referred to in the

indictment was found recently thereafter in the possession of the defendant, you may consider that circumstance and give it such weight and credit as you see proper on the question of whether or not it establishes beyond a reasonable doubt that the defendant, or defendants, were the person or persons who broke and entered the house, if you find that the house was broken and entered. The recent possession of goods under such circumstances would raise the presumption of guilt of the defendant, or defendants, found in the possession of the recently stolen goods or property, and unless such recent possession be satisfactorily explained, the burden being on the defendant, or defendants, to make such explanation, would authorize the jury to identify the defendant, or defendants, as the guilty party and convict him, or them." The error assigned on this charge is that the court did not clearly instruct the jury that the recent possession of stolen property not satisfactorily explained to the jury, raised a presumption or inference of fact, but not of law. We are of the opinion that this ground is well taken. The presumption or inference which may be drawn from the recent possession of stolen property raises a presumption of fact, but not one of law. We have examined this excerpt from the charge in the light of the whole charge and the whole evidence, and are constrained to the conclusion that the assignment of error in this ground is meritorious. See *Cuthbert* v. *State,* 3 *Ga. App.* 600 (60 S. E. 322), *Harris* v. *State,* 18 *Ga. App.* 710 (90 S. E. 370), and *Blige* v. *State,* 72 *Ga. App.* 438 (2) (33 S. E. 2d, 917). In *Brown* v. *State,* 74 *Ga. App.* 98 (3) (38 S. E. 2d, 871), this court said: "Where the State proves recent possession of stolen property in the defendant, the burden of procedure shifts to the defendant to show that such possession was innocent. In the instructions of the judge to the jury, it is not so material whether he calls the situation from the State's standpoint (a) 'a prima facie case,' or (b) evidence 'tending to show guilt,' or (c) 'presumption of guilt,' or (d) 'inference of guilt,' or (e) by some other term. But it is material that the court clearly instruct the jury that the question thus arising in the trial of the case is an issue of fact for the exclusive determination of the jury, and that it is not a presumption of law." Under the whole record in this case, the assignments of error on this ground show reversible error.

(b) Special ground 2 assigns error on the following excerpt from the charge: "The doctrine of reasonable doubt, gentlemen, applies in cases of direct and positive testimony, but in cases of indirect or circumstantial testimony, such as is this, the law goes one step further and says that in order to authorize a conviction of the defendants upon circumstantial testimony, the proven facts and circumstances must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused of the crime charged, and the burden is upon the State to prove such guilt to the exclusion of every other reasonable hypothesis." In the absence of a written request to charge, this charge on circumstantial evidence shows no reversible error.

(c) Special ground 3 assigns error as to the introduction of evidence in three particulars. The first three assignments of error on this ground

are related to the general grounds and the evidence introduced at the trial. Since we are reversing the case on special ground 1, we will not discuss the general grounds nor the first three assignments of error in this special ground, as we do not know what the evidence will be on another trial. This is following the general practice of this court.

The other assignment of error on this special ground to the effect that the "meat" was obtained by an illegal search and seizure and is inadmissible for that reason, is without merit.

(d) Error is assigned on this special ground because the court erred in failing to grant a mistrial on motion of movant, on account of improper remarks made by associate counsel for the State. The court, in effect, stated that the jury were the judges of the evidence and that they should not take the evidence from either side, but take it from the witness stand and the defendant's statement. The court stated that counsel had a right to argue the evidence and reasonable deductions that could be made and drawn therefrom. The court further admonished counsel to stay within the rules. This ground does not present reversible error under all the facts of the case. If it was in any way prejudicial, it will not likely occur again on another trial.

The general grounds are not considered. The judgment is reversed for the reasons set forth in special ground 1.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED FEBRUARY 24, 1950.

*Newell J. Smith, J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, E. T. Averett,* contra.