26038. SHOEMAKE v. WHITLOCK, Warden.

UNDERCOFLER, Justice. This appeal is from the denial of the writ of habeas corpus by the Judge of the Superior Court of Coweta County. The applicant for the writ alleged that he was indicted and convicted of burglary on two counts on March 12, 1969, and was sentenced to five years on each count to run concurrently. The enumerations of error all assert that instructions given by the trial court to the jury during the trial of this case were erroneous and that the applicant was thereby denied due process of law under the State and Federal Constitutions. *Held:*

The Habeas Corpus Act of 1967 provides: "Grounds for Writ. Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Georgia or the laws of the State of Georgia may institute a proceeding under this section." Ga. L. 1967, pp. 835, 836 (*Code Ann.* § 50-127 (1)).

In this case the appellant contends that he has been denied due process of law under the State and Federal Constitutions (*Code* §§ 1-815, 2-103) because of erroneous instructions given by the trial judge to the jury. The question presented is, "Can these questions now be raised in a petition for the writ of habeas corpus alleging a denial of due process of law under the State and Federal Constitutions?" We think not.

Due process of law implies the administration of laws which apply equally to all persons according to established rules, and which are "not violative of the fundamental principles of private right, by a competent tribunal having jurisdiction of the case and proceeding upon notice and hearing." *Frank v. State*, 142 Ga. 741, 747 (83 SE 645, LRA 1915D 817) ; *Arthur v. State*, 146 Ga. 827 (1) (92 SE 637) ; *Chatterton v. Dutton*, 223 Ga. 243, 245 (154 SE2d 213). Consequently, where one indicted for burglary has had full opportunity, under the Constitution and laws of the State, to defend his case in the courts of the State having jurisdiction thereof, in person, by attorney, or both, according to established constitutional rules of procedure, he has been afforded due process of law under the State and Federal Constitutions, which provide that no person shall be deprived of life, liberty, or property, without due process of law. *Frank v. State*, supra.

"A discharge under a writ of habeas corpus, after a conviction, can not be granted unless the judgment is absolutely void; as where the convicting court was without jurisdiction, or where the defendant in his trial was denied due process of law, in violation of the Federal fourteenth amendment . . . and the State Constitution. . . Since the writ cannot be used merely as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant had opportunity to avail himself, no question as to guilt or innocence or as to any irregularity can be so raised, unless it was such as to render the judgment wholly void." *Sanders v. Aldredge*, 189 Ga. 69 (1) (5 SE2d 371) ; *McKay v. Balkcom*, 203 Ga. 790 (48 SE2d 453) ; *Buxton v. Brown*, 222 Ga. 564 (150 SE2d 636) ; *Jackson v. Dutton*, 223 Ga. 642 (157 SE2d 286) ; *Bush v. Chappell*, 225 Ga. 659 (171 SE2d 128).

It follows that the trial judge properly denied the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

Argued September 16, 1970—Decided October 8, 1970.

*Glenn Zell*, for appellant.