## 45944. HUBBARD v. THE STATE.

Evans, Judge. The defendant was indicted, tried and convicted of the offense of felony in the larceny of two cattle trailers. He was sentenced to serve a term of one year. The appeal is from the judgment and sentence. Error is enumerated on the over-ruling of the plea to void the indictment, the denial of a motion for mistrial, on the allowance of certain testimony, and on the charge to the jury. *Held:*

1. At the beginning of the trial, defendant filed a plea to the indictment, contending that it was null and void "as it does not contain the full names of the grand jurors returning the same but only contains names such as 'Mrs. Hammond,' 'W. Hilley,' 'J. Hawks,' 'D. Dirk,' etc., and that defendant had no way of determining whether or not those persons listed on the indictment are actually the names of the grand jurors drawn to serve at the August term, 1970, of Madison Superior Court." The district attorney's brief cites no authority, but urges that the plea is insufficient in that it does not request the court to quash the indictment. The plea is sufficient in this respect for that it urges that the indictment is null and void and prays that "this motion be inquired into and sustained before being arraigned." Defendant was not required to denominate it a "motion to quash." "There is no magic in mere nomenclature, even in describing a pleading." *Girtman v. Girtman,* 191 Ga. 173, 180 (11 SE2d 782).

"Every defendant in a criminal case has the right to be tried upon an indictment or accusation perfect in form and substance." *Robinson v. State,* 93 Ga. App. 203 (1) (91 SE2d 52). Justice Bleckley, in *Cochran v. State,* 62 Ga. 731, 732, speaking for the court, said: "Those who are impatient with the forms of law ought to reflect that it is through form that all organization is reached. Matter without form is chaos; power without form is anarchy. The state, were it to disregard forms, would not be a government, but a mob." In the light of this wise pronouncement, how stands the case sub judice? There were 21 grand jurors listed on the indictment, and not a one had his given name listed, and only one had as many as two initials listed, to

wit: "R. F. Burroughs." But of greater import, one juror was listed simply as "Mrs. Hammond." Under the principle of reductio ad absurdum, suppose ten of the grand jurors had been listed as "Mrs. Hammond" and the other ten as "Mrs. Jones?" Would the indictment have been legal? How great a burden would have been imposed on the defendant in making inquiry as to whether the grand jurors listed were the same ones drawn for service? If twenty such names would have rendered the indictment bad, would not one such name have the same effect? If the foreman of the grand jury, and the clerk of the grand jury, did not know Mrs. Hammond's first name, can it be contended defendant should have known it, and thus no injury have resulted to him? In *City of Camilla v. May,* 70 Ga. App. 136, 143 (27 SE2d 777), it is held: "The prefix 'Mrs.' is not a name but a mere title, and not being used exclusively by married women, raises no presumption in law that the person using it is married at the time. It includes widows and divorcees as well as married women. It indicates that the party using it is a woman who has been married, but leaves it doubtful whether she is married at the time or not." This case cites *Wrightsville & Tennille R. Co. v. Vaughan,* 9 Ga. App. 371 (1 a) (71 SE 691), as authority. Also to the same effect is the holding in *Guyton v. Young,* 84 Ga. App. 155 (2 a) (65 SE2d 858). Thus, in the case at bar, the name on the indictment, "Mrs. Hammond," only advised defendant that this grand juror was a female who had at some time been married, and nothing more. Through diligent search we find no case upholding an indictment where a grand juror is so listed. Many authorities can be found where the grand jurors may be listed by initials and the last name on the indictment, instead of listing both first and last names. See *Studstill v. State,* 7 Ga. 2 (10) and *Hayes v. State,* 58 Ga. 35 (1). But in *Reich v. State,* 63 Ga. 616 (2) a stringent condition is imposed upon the State, as follows: "Where the indictment sets out the names of the grand jurors who found it *with reasonable accuracy, leaving no doubt of the identity of the person,* any slight mistake in the names on the minutes is immaterial and may be corrected at any time." (Emphasis supplied.) Is the name "Mrs. Hammond" set forth with "reasonable accuracy?"

Does it "leave no doubt of the identity of the person?" Again, in *Eaves v. State,* 113 Ga. 749, 755 (39 SE 318) the Supreme Court states: "'If a part only of a name is known, it should be given, *supplemented by the proper excuse for not stating the rest.*' 1 Bish. New Crim. Proc. § 676, 4." No court should sanction the listing of the last names of grand jurors only on bills of indictment, as such could only lead to chaos and confusion. The court erred in overruling the plea to the form of the indictment.

2. While the defendant was making an unsworn statement to the jury and was referring to the two stolen cattle trailers having been left across the road from his home, the trial judge interrupted as follows: "The record shows that there were one or two men. Were they white men, negroes, or what?" The Supreme Court of Georgia, in a full bench decision in *Hackney v. State,* 101 Ga. 512, 519 (28 SE 1007), recites that the trial judge asked of defendant's counsel if he might ask a question; counsel said he doubted the propriety of it but "the court may act on its own discretion," and then the court asked why the defendant sent the cotton by a third person instead of bringing and selling it himself. The interruption and interrogation was held to be reversible error—even though permission had been asked of defendant's counsel by the judge to propound the question, and counsel had left it to the judge's discretion. This seems to have been a much milder situation than in the case sub judice. It has been held that a "friendly question by the judge is not cause for reversal, but we point out that there is nothing to suggest that the question here propounded was friendly.

It has been held many times that the trial judge may interrupt to prevent the defendant from injecting inadmissible matter, but we find no authority which contravenes or overrules the *Hackney* case, supra. The court erred in interrupting the defendant in giving his unsworn statement to question him about it.

3. This court will not interfere with the discretion exercised by the trial judge in refusing to declare a mistrial after it was discovered that during the lunch hour one of the petit jurors absented himself from the bailiff and the other jurors. It is

clear that before ruling on the motion the trial judge investigated the incident and satisfied himself that the juror had misunderstood his instructions, and that nothing had occurred during the juror's absence to disqualify him from continuing to serve as a juror in the case.

4. The *statements* of the defendant made at the place where the missing cattle trailers were found, without any warning of his constitutional rights, *but before being taken into custody* and while in no way deprived of his freedom of action, and at a time when the investigation had not focused on the accused as suspect, were not inadmissible under the ruling in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974).

5. The trial judge instructed the jury "that recent possession of such goods under such circumstances would authorize an inference of guilt against the defendant, and unless such alleged recent possession should be satisfactorily explained, the burden being on the defendant to make such a satisfactory explanation, this recent possession, if you find such to be the case, would authorize you, but would not require you, to identify the defendant as the guilty party and convict him. This inference of guilt, however, is one of evidence and not of law, and may be rebutted by evidence satisfactory to you, the jury, or it may be rebutted by the defendant's statement."

The defendant complains that the phrase, "the burden being on the defendant to make such a satisfactory explanation" shifted the burden of proof to the defendant, requiring him to prove his innocence, instead of requiring the State to prove his guilt. Considered with the instructions as a whole, including instructions on proof of the offense by the State beyond a reasonable doubt, we do not regard the phrase in the context here used as harmful error.

Further, instructions including such phrase have been considered by this court as not disclosing reversible error. See *Barber v. State*, 61 Ga. App. 578 (3) (6 SE2d 797). Also, the highest court of our sister state of South Carolina has rejected the precise contention here made, ruling that "it was incumbent upon the accused to explain his possession. And under all the circum-

stances of this case we do not believe that the jury was misled, or that the use of the word 'burden' resulted in prejudicial error." State v. Roof, 196 S. C. 204, 211 (12 SE2d 705). Also, see Heath v. State, 30 Ala. App. 416 (7 S2d 579). In general, see *Hunt v. State,* 64 Ga. App. 320 (13 SE2d 117); *Daniel v. State,* 65 Ga. 199, 200; *Brown v. State,* 74 Ga. App. 98 (3) (38 SE2d 871). We also note that the reversal in *Johnson v. State,* 22 Ga. App. 639 (96 SE 1045) was solely by reason of the qualification that the burden was upon the defendant to show that he acquired the stolen goods *honestly.*

6. For the reasons stated above in Headnotes 1 and 2, there must be a new trial of this case based upon a valid indictment.

*Judgment reversed. Quillian, J., concurs. Jordan, P. J., concurs specially.*

ARGUED FEBRUARY 2, 1971—DECIDED APRIL 6, 1971.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellant.

*Clete D. Johnson, District Attorney,* for appellee.

JORDAN, Presiding Judge, concurring specially. In my opinion the question propounded by the court while the defendant was making an unsworn statement as set out in Division 2 of the opinion was not reversible error and comes within the ruling in *Robinson v. State,* 82 Ga. 535 (15) (9 SE 528). I concur in the judgment of reversal for the reasons stated in Division 1 of the opinion.