### 46624. TODD v. THE STATE.

JORDAN, Presiding Judge. Todd was convicted and sentenced for burglary, and appealed the overruling of a motion for new trial. *Held:*

1. The defendant contends that the trial judge erred in instructing the jury as follows: "If you have circumstances satisfactorily proven which point to his guilt and which are irreconcilable with his innocence or which require explanation from him [and] may be explained if he be innocent but which are not explained [this] would justify a jury in rendering a verdict of guilty." The words in brackets are supplied for clarity. It is contended that these instructions (a) are a comment on the failure to be sworn and in violation of the conditional right to remain

silent, (b) are a comment on the unsworn statement of the defendant, (c) shift the burden to present evidence, (d) shift the burden of proof, (e) are confusing and misleading, a misstatement of the law, and prejudicial, (f) and relieve the State of proving guilt beyond a reasonable doubt.

In our opinion the instructions as given disclose no harmful error for any reason argued and insisted upon. The defendant elected to make an unsworn statement to the jury and to explain his possession of silver coins, and the jury was fully instructed as to the manner of considering his statement. The instructions complained of were immediately preceded by instructions on circumstantial evidence, including the statement that "no person can be convicted upon circumstantial evidence unless the circumstances prove and indicate guilt to a conclusion which is irreconcilable with the defendant's innocence." The charge also includes instructions making it quite clear that if the jury should entertain a reasonable doubt, it was the duty of the jury to acquit. See *Hubbard v. State,* 123 Ga. App. 597 (181 SE2d 890); *Aiken v. State,* 226 Ga. 840 (178 SE2d 202); *Strickland v. State,* 115 Ga. App. 278 (154 SE2d 622), and cases cited therein.

2. The remaining contention of the defendant, that the trial court erred in following the new procedure for sentencing for an offense committed prior to the effective date of the Act, has been answered adversely to the defendant by the reply of the Supreme Court to the certified question of this court. *Todd v. State,* 228 Ga. 746 (187 SE2d 831).

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Deen, Quillian and Clark, JJ., concur. Pannell and Evans, JJ., dissent.*

ARGUED OCTOBER 6, 1971—DECIDED MARCH 17, 1972—
REHEARING DENIED MARCH 31, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon,* for appellee.

EVANS, Judge, dissenting. The law is well established to the effect that one found in possession of recently stolen property has the burden of explaining that possession. *Code Ann.* (New Criminal) § 26-1806; *Hubbard v. State,* 123 Ga. App. 597 (5) (181 SE2d 890). Thus, a trial judge is authorized to charge the jury upon trial of a defendant charged with theft that such defendant has the burden of explaining possession of recently stolen property.

But the foregoing is the exception and not the rule. The rule is that a defendant enters upon the trial of a criminal case with the presumption of innocence in his favor. *Code Ann.* (New Criminal) § 26-501; *Code* § 38-118. This presumption of innocence remains with the defendant throughout the case. *Watson v. State,* 93 Ga. App. 368 (91 SE2d 832); *Brock v. State,* 91 Ga. App. 141 (85 SE2d 177); *Richardson v. State,* 8 Ga. App. 26 (68 SE 518); *Dorsey v. State,* 78 Ga. App. 823 (e) (52 SE2d 543). In the case of *Carter v. State,* 204 Ga. 242, 244 (49 SE2d 492), Chief Justice Duckworth, speaking for the court, pronounced: "The accused entered upon the trial of the case with the presumption of innocence in his favor. This presumption challenged the truth and credibility of all the evidence offered against him, and such presumption can be overcome *only by a verdict of the jury finding that sufficient evidence has been introduced to overcome same.*" (Emphasis supplied.) And, of course, the State has the burden of proving the guilt of defendant beyond a reasonable doubt. *Hammett v. State,* 27 Ga. App. 624 (110 SE 624).

In the case sub judice the trial judge was not within any exception to the rule; and did not limit his charge to a special situation such as the duty of explaining possession of recently stolen property, but in general terms charged that the defendant had a duty of explaining any and all circumstances which pointed to his guilt. This was error. The exact language used by the trial judge in his charge, and to which objection is made, is: "If you have circumstances

satisfactorily proven which point to his guilt and which are irreconcilable with his innocence, or which may require explanation from his [sic] may be explained if he be innocent, but which are not explained [sic] would justify a jury in rendering a verdict of guilty." This is not the law, and said language was an incorrect charge. For the principle involved, although different facts, see *Burgess v. State,* 218 Ga. 271 (2) (127 SE2d 377).

None of the cases cited by the appellee upholds the charge here complained of, including the two most heavily relied upon, to wit: *Aiken v. State,* 226 Ga. 840, 845 (178 SE2d 202) and *Hubbard v. State,* 123 Ga. App. 597, supra. Both of these cases are readily distinguishable in that the charge in each deals with the duty of explaining possession of recently stolen property; and do not deal with language in a charge which imposes on a defendant the duty of explaining *any and all circumstances which may point towards his guilt.*

The majority opinion urges that the court elsewhere charged correctly on the burden of proof and presumption of innocence; but as the objectionable language was not specifically withdrawn, the error is not cured by elsewhere charging correctly on the subject. See *Morris v. Warlick,* 118 Ga. 421 (2) (45 SE 407); *Rowe v. Spencer,* 132 Ga. 426 (5) (64 SE 468); *Edenfield v. State,* 27 Ga. App. 291 (1a) (108 SE 124).

I am authorized to state that Judge Pannell joins in this dissent.