## 27305. SNEED v. CALDWELL.

PER CURIAM. This appeal seeks review of a habeas corpus judgment which remanded the appellant to the custody of the appellee.

The appellant made four allegations below with respect to the illegality of his confinement. The trial judge conducted a full hearing, and he concluded that three of the allegations contained in the current application were the subject matter of a previous habeas corpus application brought by the appellant; and those three allegations had been determined in the previous habeas corpus case adversely to the appellant. Therefore, the trial judge held that pursuant to *Code Ann.* § 50-127 (10) those three allegations, having been previously determined in a prior habeas corpus action, were without merit.

The fourth allegation had not been raised by appellant in his previous habeas corpus action. It complained of the charge to the jury in the convicting court on the issue of alibi. The trial judge followed the decisions of this court with respect to the charge on alibi, and he held that the charge was not violative of due process.

The charge on alibi in the convicting court was as follows: "Alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission and the range of the evidence in respect

to time and place must be such as reasonably to exclude the possibility of presence. Alibi as a defense must be established to the reasonable satisfaction of the jury and must be such as reasonably to exclude the possibility of the presence of the defendant at the scene of the offense at the time of its commission. When so established to the reasonable satisfaction of the jury, the jury should acquit. Any evidence in the nature of an alibi should be considered by the jury in connection with all of the other evidence in the case, and if in doing so the jury should entertain a reasonable doubt of the guilt of the accused the jury should acquit."

This charge, or this charge in substantially the same language, has been attacked many times in recent years as being violative of due process. However, this court has consistently held that this charge is not a burden-shifting charge and is not violative of due process. See *Trimble v. State*, 229 Ga. 399.

*Judgment affirmed. All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

SUBMITTED JULY 10, 1972—DECIDED SEPTEMBER 25, 1972.

Bill Sneed, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King., Jr., Assistant Attorneys General,* for appellee.

GUNTER, Justice, dissenting. Being of the opinion that the charge in this case, given in the convicting court, was a burden-shifting charge and therefore violative of due process, I respectfully dissent. See my dissenting opinion in *Trimble v. State*, 229 Ga. 399.

I am authorized to state that Justice Hawes and Justice Jordan join me in this dissent.