## 29809. BYRD v. HOPPER.

NICHOLS, Chief Justice.

Petitioner is presently confined under a five-year sentence imposed for motor vehicle theft. He did not appeal his conviction. His petition for habeas corpus relief complained solely of a portion of the convicting court's charge to the jury that recent possession by petitioner of the goods taken "if not satisfactorily explained, raise[s] the presumption of guilt and it would authorize you to identify the defendant as the guilty party and to convict him of the crime as charged. The presumption of guilt, however, is one of evidence and not of law, and may be rebutted by proof satisfactory to the jury." There was no separate, general instruction on circumstantial evidence. After a hearing, the habeas corpus court denied relief and remanded petitioner to the custody of the respondent warden. Petitioner contends that this portion of the charge was violative of due process in that it shifted the burden of proof to him.

The threshold issue is whether petitioner may attack the validity of his confinement by way of habeas corpus on the basis of an allegedly unconstitutional jury charge. This court in *Shoemake v. Whitlock,* 226 Ga. 771 (177 SE2d 677), reiterated the well-settled principle that habeas corpus cannot be used as a substitute for appeal to correct errors of law. The decision held that even though an allegedly erroneous charge is challenged on due process grounds, the issue is not cognizable in habeas proceedings. It does not necessarily follow, however, that a constitutionally defective charge cannot so pervade the entire proceedings at the trial level as to render the conviction thereunder itself a violation of due process and therefore cognizable in a habeas corpus proceeding under the Habeas Corpus Act of 1967. While making no reference to the *Shoemake* decision, this court in two subsequent cases reached the merits of due process attacks based on jury charges but upheld the orders remanding the petitioners to custody. *Jacobs v. Caldwell,* 231 Ga. 600 (203 SE2d 188); *Sneed v. Caldwell,* 229 Ga. 507 (192 SE2d 263).

In addressing the question of whether an erroneous

jury charge can reach constitutional proportions, the U. S. Supreme Court in Cupp v. Naughten, 414 U. S. 141, 146 (94 SC 396, 38 LE2d 368), said: "In determining the effect of this instruction on the validity of respondent's conviction, we accept at the outset the well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. Boyd v. United States, 271 U. S. 104, 107 (1926). While this does not mean that an instruction by itself may never rise to the level of constitutional error, see Cool v. United States, 409 U. S. 100 (1972), it does recognize that a judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge. Thus not only is the challenged instruction but one of many such instructions, but the process of instruction itself is but one of several components of the trial which may result in the judgment of conviction.

"The Court of Appeals [Ninth Circuit] in this case stated that the effect of the instruction was to place the burden on respondent to prove his innocence. But the trial court gave, not once but twice, explicit instructions affirming the presumption of innocence and declaring the obligation of the State to prove guilt beyond a reasonable doubt. The Court of Appeals, recognizing that these other instructions had been given, nevertheless declared that 'there was no instruction so specifically directed to that under attack as can be said to have effected a cure.' 476 F2d, at 847. But we believe this analysis puts the cart before the horse; the question is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." The court then held that a charge to the effect that witnesses are presumed to speak the truth did not so impinge upon the principle of reasonable doubt and the presumption of innocence as to render the conviction constitutionally invalid.

It is necessary to determine, therefore, whether the portion of the charge complained of here, even if erroneous, was of such dimension as to render the

conviction itself violative of due process.

In the recent decision in Barnes v. United States, 412 U. S. 837 (93 SC 257, 37 LE2d 380), the U. S. Supreme Court upheld a charge which made clear to the jury that recent unexplained possession raised only a permissible inference that the defendant knew the goods had been stolen. The court held that the burden of proving the elements of the crime beyond a reasonable doubt remained on the government. Because the charge satisfied the reasonable doubt standard, there was no violation of due process. The court said, at p. 846, n. 11: "It is true that the practical effect of instructing the jury on the inference arising from unexplained possession of recently stolen property is to shift the burden of going forward with evidence to the defendant. If the Government proves possession and nothing more, this evidence remains unexplained unless the defendant introduces evidence, since ordinarily the Government's evidence will not provide an explanation of his possession consistent with innocence. In Tot v. United States, 319 U. S. 463 [63 SC 1241, 87 LE 1519](1943), the Court stated that the burden of going forward may not be freely shifted to the defendant. See also Leary v. United States, 395 U. S. 6, 44-45 [89 SC 1532, 23 LE2d 57] (1969). Tot held, however, that where there is a 'rational connection' between the facts proved and the fact presumed or inferred, it is permissible to shift the burden of going forward to the defendant. Where an inference satisfied the reasonable-doubt standard, as in the present case, there will certainly be a rational connection between the fact presumed or inferred (in this case, knowledge) and the facts the Government must prove in order to shift the burden of going forward (possession of recently stolen property)."

It has long been settled in this state that recent unexplained possession of stolen property permits the jury to infer that the accused committed the theft. See *Aiken v. State,* 226 Ga. 840 (2) (178 SE2d 202); *Gravitt v. State,* 114 Ga. 841 (40 SE 1003); *Davis v. State,* 76 Ga. 16, 17; *Lundy v. State,* 71 Ga. 360, 361; *Daniel v. State,* 65 Ga. 199, 200. It should be emphasized that the recent unexplained possession creates only a permissible

inference of guilt of a "presumption of fact," in terms of Code § 38-113, which the jury may or may not draw. *Lewis v. State,* 120 Ga. 508 (48 SE 227); *Barber v. State,* 61 Ga. App. 578 (2) (6 SE2d 797); *Gravitt v. State,* supra. Whether the charge is fashioned in the language of "inferences" or "presumptions," the technical import of the charge is the same, especially where the "presumption" is expressly qualified in the charge as one of evidence and not of law. See *Gravitt v. State,* supra; *Griffin v. State,* 86 Ga. 257 (12 SE 409); *Sellers v. State,* 81 Ga. App. 84 (57 SE2d 877); *Brown v. State,* 74 Ga. App. 98 (3) (38 SE2d 871). Read in the light of the entire charge to the jury, including full charges on reasonable doubt, the state's burden of proof and the presumption of innocence, that portion of the charge complained of here cannot be said to have either reduced the state's burden of proving guilt or shifted to the petitioner the burden of proving his innocence. The charge, taken as a whole, left the burden of persuasion on the state. This is true even though the isolated portion of the charge stated that the presumption "may be rebutted by proof satisfactory to the jury," and may have had the practical effect of shifting to the petitioner the burden of going forward with evidence. See Barnes v. United States, supra; *Brown v. State,* supra. Language of similar import was upheld by this court in *Jacobs v. Caldwell,* supra.

This is not to say, however, that this court would, in a proper case, approve the language used in the present charge. Such language has been strongly criticized in decisions of the Court of Appeals as having the possible effect of confusing or misleading the jury. See *Hawkins v. State,* 80 Ga. App. 496 (1) (56 SE2d 315); *Barber v. State,* supra; *Cook v. State,* 49 Ga. App. 86 (174 SE 195). It would unquestionably be better practice to couch the charge in terms of permissible inference instead of presumption. However, for the purposes of this habeas corpus petition, the error committed, if any, in this isolated portion of the charge did not so infect the entire proceedings as to render the resulting conviction void on due process grounds.

Accordingly, the judgment remanding the petitioner to the custody of the respondent warden must be affirmed.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs specially and Gunter and Ingram,*

*JJ., who dissent.*

ARGUED APRIL 14, 1975 — DECIDED APRIL 22, 1975.

*James C. Bonner, Jr., Thomas M. West,* for appellant.
*Arthur K. Bolton, Attorney General, Lois Oakley, Assistant Attorney General,* for appellee.

INGRAM, Justice, dissenting.

I do not agree that due process is satisfied by a charge to the jury that unless the defendant satisfactorily explains his recent possession of stolen goods the jury may presume he is guilty of the theft. The possession is but a circumstance. "If it is recent, it is, when unexplained, a very strong circumstance tending to show the guilt of the possessor . . ." *Gravitt v. State,* 114 Ga. 841, 842 (40 SE 1003). But it still is just circumstantial evidence and by itself does not necessarily prove the defendant is guilty.

There was no charge on circumstantial evidence in this case. The jury was told only that the presumption of guilt could be rebutted by proof satisfactory to the jury presented by the defendant. I believe the result of all this was to place the burden of proving he was not guilty on the defendant so that if he offered no explanation of his recent possession, or one the jury thought unsatisfactory for any reason, the jury was duty bound to find him guilty.

This charge goes too far in my judgment and either compromised the burden of proving the guilt of the defendant beyond a reasonable doubt, which the Constitution places on the state, or it left the jury with confusion as to the essential burden in the case. In either event, the error is of constitutional magnitude and, under the Georgia Habeas Corpus Statute, requires a new trial free of this due process difficulty. There is a meaningful difference between a permissible inference and a presumption of guilt which I believe we cannot overlook. I would apply this due process standard to cases involving both the principal theft and those dealing with receiving stolen goods knowing them to have been stolen. See *Gaskin v. State,* 119 Ga. App. 593 (168 SE2d 183) and its

progeny, and particularly the specially concurring opinion of Judge Pannell, beginning at p. 595 of *Gaskin.*

I am authorized to state that Justice Gunter joins me in this dissent.