21723. BURGESS v. THE STATE.

SUBMITTED JULY 9, 1962—DECIDED SEPTEMBER 14, 1962.

*Joseph J. Gaines,* for plaintiff in error.

*D. Marshall Pollock, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

GRICE, Justice. Found guilty of murder with recommendation and his motion for new trial overruled, Joe Robert Burgess assigned error and brought his case to this court. He had been indicted by the grand jury of Clarke County for the murder of Eddie Lee Gaines, tried in the superior court of that county, and sentenced to life imprisonment. His motion for new trial, as amended, contains the general as well as three special grounds.

■ Considering first the general grounds, we deem the evidence sufficient to support the verdict. While the testimony was in conflict as to some particulars, the jury was authorized to find, among others, the facts which follow. On the night of July 31, 1961, the deceased and several other persons, including Christine Williams, who lived with the defendant, drove to Seagraves Place on a highway in Clarke County. The deceased was seated on the front seat behind the steering wheel, with two other persons beside him. Christine Williams and another occupied the rear seat. While they were parked there the defendant got out of his automobile parked nearby, went to the deceased's car, accosted him with "I done warned you about my old lady," immediately put his pistol inside the car, shot and killed the deceased and wounded Christine Williams and another. After having fired five shots, with the foregoing consequences, the defendant returned to his car and drove away.

■ The first special ground relates to a portion of the charge on the burden of proof. Immediately after instructing the jury that "where a defendant admits the killing, if you find that the defendant did so admit the law puts upon him the burden to satisfy the jury that he was justified under some rule of law, unless the admission together with the evidence and the statement of the defendant shows excuse, justification or mitigation," the court charged the following, of which the plaintiff in error complains: "However, I further charge you that in that connection, that the burden of proof is never put upon a defendant under

any circumstances in criminal law in our state more than to satisfy the jury to the point of reasonable doubt of his guilt, upon which I shall further charge you."

Among the complaints the defendant made to this latter portion of the charge was that it was confusing and unsound in that it placed the burden of proof upon the accused to satisfy the jury to the point of reasonable doubt of his guilt, thus removing the presumption of his innocence and the State's burden of proving his guilt beyond a reasonable doubt and leaving the jury to choose between this incorrect portion and the correct portion given elsewhere on presumption of innocence and the State's burden of proof.

We think this complaint is well founded. No doubt the judge's purpose in thus charging was to provide a limitation and caution with respect to the portion immediately preceding, which portion emanated from the principle of presumption of malice under certain circumstances, from such cases as *Mann v. State*, 124 Ga. 760 (53 SE 324, 4 LRA (NS) 934). However, it was confusing and erroneous. We cannot say that the jury, taking it literally, did not understand it to mean that the burden of proof was on the defendant to satisfy it to the point of reasonable doubt of his *guilt*.

This portion of the charge requires a reversal of the judgment.

■ ■ The second and third special grounds relate to the failure to charge upon certain principles as to the existence of a common-law marriage. We need not go further into these grounds because the portions requested to be charged were not adjusted to the evidence. There was no showing of any such marriage. Therefore, there is no merit in either of these two grounds.

For reasons stated in division 2, the trial judge erroneously denied the amended motion for new trial and, accordingly, the judgment is

*Reversed. All the Justices concur.*