Charles H. BYRD
v.
Warden Joseph S. HOPPER.
Civ. A. No. C75-1128A.

United States District Court,
N. D. Georgia,
Atlanta Division.
Oct. 20, 1975.

788

James C. Bonner, Jr., Thomas M. West, Prisoner Legal Counseling Project, University of Georgia School of Law, Jackson, Ga., for petitioner.

Lois F. Oakley, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

O'KELLEY, District Judge.

This action is before the court on the petitioner's and the respondent's cross motions for judgment on the pleadings or in the alternative for summary judgment in this habeas corpus action. The petitioner was convicted of motor vehicle theft in the Superior Court of Troup County and sentenced to five years imprisonment; he did not take a direct appeal of the conviction but filed a state habeas corpus petition which was denied, and the Georgia Supreme Court affirmed that denial with two justices dissenting. *Byrd v. Hopper,* 234 Ga. 248, 215 S.E.2d 251 (1975). The petitioner contends that he was denied due process when the state trial judge charged the jury concerning the effect of his possession of a recent stolen vehicle as follows:

> Now, Ladies & Gentlemen of the Jury, if you find that the offense alleged in the indictment was committed by someone, and that very soon thereafter, that the whole or any part of it, of the goods so taken at the time of the offense was committed, if any offense was committed, was found in the recent possession of the Defendant, such possession, if not satisfactorily explained, consistent with his innocence, raise[s] the presumption of guilt and it would authorize you to identify the Defendant as the guilty party and to convict him of the crime as charged. The presumption of guilt, however, is one of evidence and not of law, and may be rebutted by proof satisfactory to the Jury.

In the appeal of his state habeas corpus, the Georgia Supreme Court recognized that the charge was not an altogether proper one and that the wording should have been couched in terms of a permissible inference instead of a presumption; however, that court felt that this portion of the charge "did not so infect the entire proceedings as to render the resulting conviction void on due process grounds." 234 Ga. at 251, 215 S.E.2d at 254.

Now the petitioner comes to this court with his habeas corpus petition. In reviewing a jury charge from a state court in a case such as this, the court must not look at the charge complained of alone but must look at it in view of the overall charge. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Boyd v. United States,* 271 U.S 104, 46 S.Ct. 442, 70 L.Ed. 857 (1926). This court also has a strictly limited scope of review of such a charge so that relief can be granted only where the charge is so arbitrary and oppressive that it renders the trial fundamentally unfair. *Bassett v. Smith,* 464 F.2d 347 (5th Cir. 1972); *Smith v. Smith,* 454 F.2d 572 (5th Cir. 1971). In *Cupp v. Naughten, supra,* the Supreme Court characterized this review as follows:

> Before a federal court may overturn a conviction resulting from a state trial in which this instruction was used, it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.

414 U.S. at 146, 94 S.Ct. at 400. It has long been an established principle that a defendant enters into a trial carrying with him a presumption of innocence, and in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the Court expressly held that the due process clause of the fourteenth amendment re-

quires the state to prove guilt beyond a reasonable doubt in a criminal prosecution. Accordingly, if this court were to conclude that the charge in the present case had the effect of lessening this stringent burden, then the charge would fall within that category delineated by the Supreme Court in *Cupp v. Naughten* where a federal court may overturn a conviction based on a trial court's instructions to the jury.

In upholding the denial of the petitioner's state habeas corpus, the Georgia Supreme Court relied on Georgia decisions holding that the use of the words "presumption of guilt" in a charge is not necessarily erroneous since a "presumption of fact" is synonymous with an "inference" under Georgia law. While the law in Georgia is not totally clear on the question of the use of the "presumption of guilt" in a charge [*compare* the charge held erroneous in *Lewis v. State*, 120 Ga. 508, 48 S.E. 227 (1904) *with* one upheld in *Barber v. State*, 61 Ga.App. 578, 6 S.E.2d 797 (1940)], it appears that the distinction drawn by the Georgia courts is that it is erroneous to charge that *the law* raises a presumption of guilt from recent possession while it is not erroneous to charge that recent possession raises a presumption of guilt. *See Cook v. State*, 49 Ga.App. 86, 174 S.E. 195 (1934). Apparently, little or no consideration is given as to how a jury would view the charge. *Compare Barfield v. United States*, 229 F.2d 936, 940 (5th Cir. 1956). Whatever the rule in Georgia is on this matter, it is not determinative in this action, the question being whether the charge comports with the federal Constitution. In an analogous situation, in determining whether a particular inference was constitutionally acceptable, the Supreme Court stated that while a longstanding and consistent judicial approval of a particular instruction is an indication of its validity, such a historical basis "is not in itself sufficient to establish the instruction's constitutionality." *Barnes v. United States*, 412 U.S. 837, 844, 93 S.Ct. 2357, 2362, 37 L.

Ed.2d 380 (1973). In the present case, the court notes that the present charge, and those similar to it, have been widely criticized by the Georgia courts. *Byrd v. Hopper*, 234 Ga. 248, 215 S.E.2d 251 (1975); *Gravitt v. State*, 114 Ga. 841, 40 S.E. 1003 (1902); *Gaskin v. State*, 119 Ga.App. 593, 595, 168 S.E.2d 183 (1969) (Pannell, J., concurring); *Barber v. State*, 61 Ga.App. 578, 6 S.E. 2d 797 (1940); *Cook v. State*, 49 Ga. App. 86, 174 S.E. 195 (1934); therefore, the cases upholding the charge do not necessarily provide a very good indication of its validity since they cannot be said to amount to "longstanding and consistent judicial approval of the instruction." *Barnes v. United States*, 412 U.S. at 844, 93 S.Ct. at 2362.

■ After carefully considering the entire charge in this case along with the complete transcript of the proceeding, this court is convinced that the trial court's charge as a whole, and the complained of charge in particular, constituted a denial of due process and rendered the entire proceeding fundamentally unfair. The magnitude of the error in this case is even more apparent when viewed from the context of the entire charge. While it is true that the court gave an instruction with respect to the defendant's presumption of innocence, and a general reasonable doubt charge, there was no charge on circumstantial evidence, no charge that the defendant's recent possession was but a circumstance from which they could, but were not required to, infer his guilt, no charge that the circumstance of the defendant's recent possession should just be considered and given such weight as the jury saw fit on the question of whether the state had proved his guilt beyond a reasonable doubt, and no charge that the recent possession did not of itself necessarily prove his guilt. Instead, the trial court charged that the defendant's recent possession, if not satisfactorily explained, raises the "presumption of guilt and would authorize you [the jury] to identify the Defendant as the guilty party. . . . "

The only qualifying language in the charge was the next sentence, which stated that "[t]he presumption of guilt, however, is one of evidence and not of law, and may be rebutted by proof satisfactory to the Jury." This charge did not just have the practical effect of shifting the burden of going forward with the evidence to the defendant, *cf. Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), but essentially had the legal effect of shifting the burden of proof. The essence of the charge is that if the defendant does not offer satisfactory proof to the jury, he is presumed guilty. The charge would seem to require a guilty verdict in the absence of a satisfactory rebuttal rather than just authorize a guilty verdict. This effectively shifts the burden to the defendant. The presumption of innocence and reasonable doubt charges as given do not cure the problems. Taking the entire charge as given by the trial judge, it could readily be taken to state that the defendant entered into the trial with a presumption of innocence but that upon proof beyond a reasonable doubt that he was in recent possession of the stolen car, he is then presumed guilty, absent satisfactory proof to the contrary. Taken in this light, the charge has the effect of reducing the government's burden of proof and shifting the burden of proving his innocence. In *Cool v. United States,* 409 U.S. 100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972), the Court held that a charge that required the jury to find true beyond a reasonable doubt an accomplice's testimony before considering that evidence similarly had the effect of reducing the government's burden of proof. The Court stated:

> Indeed, where, as here, the defendant's case rests almost entirely on accomplice testimony, the effect of the judge's instructions is to require the defendant to establish his *innocence* beyond a reasonable doubt.

409 U.S. at 104, 93 S.Ct. at 357 (emphasis in original). In the present action, while the charge may not require the defendant to prove his innocence beyond a reasonable doubt, it does shift the burden of proof to him to establish his innocence, and he is presumed guilty in the absence of such proof, thus impermissibly lowering the government's burden of proof. As the dissent stated in the state appeal of this case: "I believe the result of all this was to place the burden of proving he was not guilty on the defendant so that if he offered no explanation of his recent possession, or one the jury thought unsatisfactory for any reason, the jury was duty bound to find him guilty." 234 Ga. at 252, 215 S.E.2d at 254 (Ingram, J., dissenting).

For the foregoing reasons, the petitioner's petition for writ of habeas corpus is granted, and the respondent is directed to release the petitioner unless the State elects to retry him within sixty (60) days from the date of this order.